PER CURIAM.
The prosecutor’s closing argument comments relating to the defendant dispensing drugs were not improper where the information charged the defendant with trafficking in heroin and cocaine (which, by definition, connotes dispensing),[1] notwithstanding that the trafficking charge was based on the defendant being in possession of such drugs in excess of the minimum amounts set forth in Sections 893.135(b)l and (c)2, Florida Statutes (1981).
The defendant’s various contentions that the evidence was insufficient to support his convictions for trafficking in narcotics and carrying a concealed firearm are not properly preserved for appellate review where no motion for judgment of acquittal was made at the conclusion of the case. State v. Barber, 301 So.2d 7 (Fla.1974).
Affirmed.

. Trafficking is defined as: “Trading or dealing in certain goods and commonly used in connection with illegal narcotic sales.” Black’s Law Dictionary 1340 (rev. 5th ed. 1979).