PER CURIAM.
This is an appeal by the defendant Samuel Rivera from judgments of conviction and sentences entered against him for the crimes of first-degree murder, armed robbery, conspiracy to traffic in cocaine, unlawful possession of a firearm while engaged in a criminal offense, and kidnapping. The sole point raised on appeal is that the trial court erred in admitting in evidence at trial an out-of-court inculpatory hearsay statement made by an out-of-court declarant in which the latter claimed that the defendant committed a drug rip-off murder/robbery. We find merit in this point and reverse based on the following briefly stated legal analysis.
Simply stated, we conclude that the statement in question was improperly admitted in evidence below under Section 90.-804(2)(c), Florida Statutes (1985), as interpreted by this court in Maugeri v. State, 460 So.2d 975 (Fla. 3d DCA 1984), cause dismissed, 469 So.2d 749 (Fla.1985). This statute, as construed, authorizes the admission of statements against penal interest by an out-of-court declarant as an exception to the hearsay rule only where the following three requirements are met:
“ ‘(1) the declarant is unavailable as a witness, (2) the statement must so far tend to subject the declarant to criminal liability that a reasonable person in the declarant’s position would not have made the statement unless he or she believed it to be true, and (3) corroborating circumstances clearly indicate the trustworthiness of the statement.’ ”
Maugeri v. State, 460 So.2d at 977 (footnote omitted). The state candidly concedes that the first requirement for admission of the aforesaid declaration against interest was not shown at trial — namely, that the out-of-court declarant was unavailable as a witness.
Section 90.804(1), Florida Statutes (1985), provides that a declarant is unavailable as a witness for purposes of a hearsay rule exception where the declarant:
“(a) Is exempted by a ruling of a court on the ground of privilege from testifying concerning the subject matter of his statement;
(b) Persists in refusing to testify concerning the subject matter of his statement despite an order of the court to do so;
(c) Has suffered a lack of memory of the subject matter of his statement so as to destroy his effectiveness as a witness during the trial;
(d) Is unable to be present or to testify at the hearing because of death or because of then existing physical or mental illness or infirmity; or
(e) Is absent from the hearing, and the proponent of his statement has been unable to procure his attendance or testimony by process or other reasonable means.”
There is utterly no evidence adduced below to establish that the declarant was unavailable as a witness under subsections (a)-(d) stated above. As for subsection (e) stated above, there is admittedly a showing that the declarant was absent from the trial below, but utterly no evidence that the state was “unable to procure his attendance or testimony by process or other reasonable means,” as required by this subsection. The declarant was never subpoenaed by the state for trial and there was no showing below that any efforts were made by the state to locate the declarant and bring him in as a witness. The fact that a co-defendant threatened to kill the declar-ant in court if he testified in this case does not, as the trial court assumed below, establish that the declarant was unavailable as a witness in the absence of any evidence that the declarant thereafter disappeared and could not be served with a witness subpoena or otherwise brought in as a witness in this cause.
This being so, it is plain that the subject inculpatory hearsay statement was erroneously admitted in evidence at trial. This *342 error, in turn, was a reversible error under the circumstances of this case because of the devastating and highly incriminating nature of the hearsay statement in question; indeed, the state makes no harmless error argument to the contrary.
The final judgments of conviction and sentences under review are reversed and the cause is remanded for a new trial. At such new trial, however, the state may be permitted to reoffer the above out-of-court hearsay declaration upon a proper showing of its admissibility in accord with the views expressed in this opinion.
Reversed and remanded.