## GEIGER v STATE OF FLORIDA

## Case No. CJAP86-8 (County Court Case Nos. TW85-10190-10191)

Ninth Judicial Circuit, Orange County

July 2, 1990

### APPEARANCES OF COUNSEL

**Office of the Public Defender,** for appellant.
**Office of the State Attorney,** for appellee.

### OPINION OF THE COURT

EMERSON R. THOMPSON, JR., Circuit Judge.

Appellant was convicted of Driving Under the Influence (DUI) in violation of Florida Statute 316.193. The facts of the case are relatively simple. Appellant was at a bar where she met Devaughn Higdon. Higdon testified that he and Appellant drove away from the bar in the latter's vehicle, with Appellant riding as a passenger while he drove.

When questioned as to what happened after leaving the bar, Higdon exercised his right to remain silent as guaranteed by the Fifth Amendment to the United States Constitution. The vehicle was involved in an accident with another car. The driver of the second car testified that he observed Appellant driving alone in the car prior to the accident, and that he found her in the driver's seat immediately after.

Appellant attempted to introduce the testimony of Assistant Public Defender Alfredo Horta.[1] During his pre-trial investigation, Horta claims Higdon admitted being the driver of the vehicle rather than the Appellant. This testimony was ruled to be hearsay not falling within any of the exceptions set forth in the Florida Statutes.

Appellant first contends that Horta's testimony should have been admitted under Florida Statute 90.804(2)(c) as a declaration against interest. This section provides an exception to the rule against hearsay for statements which are against the declarant's pecuniary or proprietary interests or those which subject the declarant to criminal liability. These two areas will be addressed separately.[2]

First, Appellant claims that the declarant subjected himself to liability for damages arising out of the accident and for fines incident to his subsequent actions. For this to be a valid claim, the declarant must have been aware, at the time he made the statement, that he was placing himself in a risk of harm to his own interests. *Hunt v Seaboard Cost Line R.R. Co.,* 327 So.2d 193 (Fla. 1976). However, the circumstances under which the statement was allegedly made lead to a reasonable belief that Higdon believed his statements made to a public defender were not going to be harmful to him. Rather, he may reasonably have believed that they were both "on the said side," and thus, anything he said could not hurt them.

Second, Appellant claims that the declarant subjected himself to criminal liability for DUI and leaving the scene of an accident. In order to assert this claim, it must be shown that (1) the declarant is unavailable,[3] (2) the statement must so far tend to subject the declarant to criminal liability that a reasonable person in the declarant's position would not have made it unless they believed it to be true, and (3)

---

[1] The Public Defender's Office withdrew from the representation of the Appellant when it appeared that Horta would be called as a defense witness.

[2] Florida Statute 90.804(2) further requires the witness to be unavailable. The State does not challenge, nor does this court find any evidence that this requirement was not satisfied by the witness exercising his right to remain silent.

[3] This question is not in dispute. See Footnote 2.

24

corroborating circumstances clearly indicate the statement's trustworthiness. *Maugeri v State,* 460 So.2d 975 (Fla. 3d DCA 1984). The statement which the declarant allegedly made would place him in the driver's seat as opposed to the defendant. The third requirement of *Maugeri* and Florida Statutes 90.804(2)(c) require that corroborating circumstances exist prior to the admission of the statement.

In this case, the only available corroborating circumstances would be the testimony of the defendant. It is the opinion of this court that this does not satisfy the threshold requirement for admission. Therefore, the trial court did not err in excluding the proffered testimony.

The trial court's judgment is hereby AFFIRMED. This case is remanded to the trial court for proceedings consistent with this opinion.

Motions for rehearing will not be entertained. The clerk is directed to issue its mandate forthwith.

DONE AND ORDERED in Chambers at Orlando, Orange County, Florida, this 2nd day of July, 1990.

*Editor's Note:* The foregoing opinion was prepared with the assistance of Mike Bloom, Law Clerk.