PER CURIAM.
Defendant appeals from judgments of conviction for two counts of first degree murder, one count of second degree murder, three counts of attempted armed robbery, and unlawful possession of a firearm while engaged in a criminal offense, all crimes that arose from a botched armed robbery of Prince’s Barbeque on December 27,1995. We affirm.
On appeal, defendant argues that the trial court erred in denying his motion to suppress the statement that he gave to police in which he confessed to the crimes. The record establishes that the prosecution showed, by a preponderance of the evidence, that the defendant’s waiver of rights — made in the presence of his thirty-five-year-old uncle — was knowing and voluntary. See Thompson v. State, 548 So.2d 198 (Fla.1989); see also W.M. v. State, 585 So.2d 979, 980 (Fla. 4th DCA 1991) (holding that a minor has the capacity to make a voluntary confession and that the admissibility of the confession depends not only on the defendant’s age but other factors such as his intelligence, education, and “ability to comprehend the meaning and effect of the statement”).
Defendant also argues on appeal that the trial court improperly excluded the proffered hearsay testimony of a friend of one of the codefendants. Pursuant to the authority of section 90.804, Florida Statutes (1995), we *227 find no merit to that argument. The defendant failed to establish that the declarant was not available to testify, see Rivera v. State, 510 So.2d 340, 341 (Fla. 3d DCA 1987) (holding that hearsay testimony was not admissible where there was no evidence to establish the unavailability of the declarant and where there had been no effort to locate or subpoena the declarant), and failed to establish that the proffered statement was reliable, see Jones v. State, 678 So.2d 309 (Fla.1996) (holding that defendant had the burden to establish the reliability of the hearsay statement), cert. denied, — U.S. -, 117 S.Ct. 1088, 137 L.Ed.2d 221 (1997). The proffered testimony conflicted with both the eyewitness testimony and the defendant’s own confession.
AFFIRMED.