354 So.2d 457 (1978)
Billy Glenn ISLEY, Appellant,
v.
STATE of Florida, Appellee.
No. BB-288.
District Court of Appeal of Florida, First District.
January 30, 1978.
Wayne Chalu, Simson Unterberger, Tampa and Jack O. Johnson, Bartow, for appellant.
Robert L. Shevin, Atty. Gen., Patti Englander, Asst. Atty. Gen., for appellee.
MILLS, Acting Chief Judge.
Isley appeals from a judgment and sentence adjudicating him guilty of first degree murder and sentencing him to life imprisonment. He raises three points on appeal.
Firstly, Isley contends that the trial court erred in denying his motion for discharge pursuant to the Speedy Trial Rule (Fla.R.Crim.P. 3.191). This Rule provides that a defendant shall be discharged if he has not been brought to trial within a specified time period during which he has been continuously available for trial. Isley was not brought to trial within the 180-day time period, however, he was not continuously available for trial during that period of time. On 25 March 1975, the trial court ordered a determination of Isley's mental condition. On 2 May 1975, after a hearing on the matter, the court entered an order of sanity. During that period of time, Isley's competency to stand trial was being determined and thus he was unavailable for trial. The trial judge properly denied Isley's motion for discharge.
Secondly, Isley contends that the trial court erred in denying his motion for new trial. We agree. One of the grounds for the motion was that the trial court had denied the jury's request for a copy of the jury instructions without Isley or his counsel being present or receiving notice. In Ivory v. State, 351 So.2d 26 (Fla. 1977), decided while this case was pending on appeal, the Supreme Court held:
"... [I]t is prejudicial error for a trial judge to respond to a request from the jury without the prosecuting attorney, the defendant, and the defendant's counsel being present and having the opportunity to participate in the discussion of the action to be taken on the jury's request. This right to participate includes the right to place objections on record as well as the right to make full argument as to the reasons the jury's request should or should not be honored."
*458 Insofar as it is in conflict with the above holding, the Supreme Court overruled Kimmons v. State, 178 So.2d 608 (Fla. 1st DCA 1965), relied on by the trial judge in denying Isley's motion for new trial.
The final point on appeal is whether the trial judge erred by refusing to instruct the jury on the consequences of a verdict of not guilty by reason of insanity. We think so. In Roberts v. State, 335 So.2d 285 (Fla. 1976), the Supreme Court expressly adopted the decision of the Circuit Court of Appeals in Lyles v. United States, 103 U.S.App.D.C. 22, 254 F.2d 725 (1957), which held that "... whenever ... the defense of insanity is fairly raised, the trial judge shall instruct the jury as to the legal meaning of a verdict of not guilty by reason of insanity... ." The State contends that the Roberts decision merely holds that when a jury is fully instructed on the possible ramifications of a guilty verdict, the jury must also be instructed on the consequences of a verdict of not guilty by reason of insanity. However, if the Supreme Court had intended its holding to be so limited, it would not have adopted Lyles and would not have expressly declined to limit its holding to the facts of the case.
Reversed and remanded for a new trial.
SMITH and ERVIN, JJ., concur.