410 So.2d 948 (1982)
James Alexander ZIRKLE, Appellant,
v.
The STATE of Florida, Appellee.
No. 80-815.
District Court of Appeal of Florida, Third District.
February 16, 1982.
Rehearing Denied March 29, 1982.
*949 Bennett H. Brummer, Public Defender, and Mitchell R. Bloomberg, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Paul Mendelson, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, NESBITT and JORGENSON, JJ.
NESBITT, Judge.
Zirkle appeals his judgment of conviction for a lewd and lascivious act committed upon a child under the age of fourteen. The only point that we are concerned with in the present appeal is whether the trial court erred in denying his motion for discharge made and presented pursuant to Florida Rule of Criminal Procedure 3.191.
Zirkle was arrested on June 15, 1979. His trial was scheduled for September 4, 1979 and then rescheduled for September 18, 1979. At that time, a plea agreement was reached between the state attorney and defense counsel. The trial court accepted the negotiated plea on the condition that the defendant submit to a psychiatric examination aimed at determining whether he was a mentally disordered sex offender. Zirkle and his counsel clearly acquiesced in the court's appointment, sua sponte, of a psychiatrist to conduct the examination and render a report. On November 7, 1979, following receipt of the psychiatric evaluation, the State filed a motion to withdraw its agreement to the proposed negotiated plea. The motion was granted and the case reset for trial on January 7, 1980. On December 13, 1979, Zirkle moved for his discharge for noncompliance with the speedy trial rule, Fla.R.Crim.Pro. 3.191, on the ground that more than 180 days had elapsed since his arrest. The motion was heard and denied on December 27, 1979.
The order denying the motion for discharge did not specify the basis for denial. We must affirm the denial of a motion for discharge if the ruling is supported by any basis in the record. Stuart v. State, 360 So.2d 406, 408 (Fla. 1978).
The defendant concedes that had a motion been made to extend the time for placing him on trial, the motion would have been warranted under the exceptional circumstances doctrine set forth in Florida Rule of Criminal Procedure 3.191(f). We must reject defendant's contention that an order under the cited rule was required, because we otherwise determine that the defendant was not continuously available for trial.
In Isley v. State, 354 So.2d 457 (Fla. 1st DCA 1978), the rule was expressed that a defendant is unavailable for trial during such period of time as his mental condition and competence to stand trial are being determined. The Isley opinion does not reveal whether the request for the examination was generated by either party or upon the court's own motion. However, in Davis v. State, 386 So.2d 1287 (Fla.3d DCA 1980), we held that the trial judge's conditional acceptance of a negotiated plea, pending the results of a presentence investigation, rendered the defendant not continuously available for trial as of the date the plea was received.
*950 Thus, in the present case, the trial court's conditional acceptance of the defendant's plea bargain tolled the running of the speedy trial term. It is of no consequence whether the psychiatric examination was requested by a particular party or sought by the court itself. See Davis v. State, supra. During the period of time required to complete this type of medical evaluation, the defendant's status is such that he is not continuously available for trial within the purview of Florida Rule of Criminal Procedure 3.191(e).
Affirmed.