DOWNEY, Judge.
Appellant, Arthur Lee Harley, contends that the trial court erred in denying his motions for discharge for failure to bring him to trial pursuant to the speedy trial rule.
Harley was arrested March 9, 1980. On May 23,1980, he filed a motion for a mental examination pursuant to Section 925.-10(l)(a), Florida Statutes (1979), and Florida Rule of Criminal Procedure 3.210, which motion was granted June 5, 1980. On August 27, 1980, Harley filed a demand for speedy trial. Thereafter, on October 10, 1980, the court entered an order finding Harley competent to stand trial. On December 30, 1980, Harley filed a motion for continuance, and the court granted the motion. On January 9, 1981, Harley filed a motion for discharge pursuant to Rule 3.191(a)(2) on the ground that more than 60 days had passed since the August 27th demand had been filed. A subsequent motion for discharge pursuant to Rule 3.191(a)(1) on the ground that 180 days had passed since Harley’s arrest was filed January 22, 1981. The trial court entered an order on March 18, 1981, denying Harley’s “motion for discharge.” Though the order is silent, we assume it pertains to both Harley’s motions because memoranda of the parties filed with the circuit court pertain to both motions.
We hold the motion for discharge pursuant to Rule 3.191(a)(1) was properly denied because the 180 day period for bringing Harley to trial had not expired when he filed his motion for discharge on January 22, 1981. The 180 day period commenced running on March 9, 1980, when Harley was arrested. The period was tolled when Harley filed his motion for a mental examination because, while that motion was pending, Harley was not available for trial. *956 Isley v. State, 354 So.2d 457 (Fla. 1st DCA 1978). The time began to run again on October 10,1980, when the court entered its order finding Harley competent to stand trial. However, on December 30, 1980, the court granted Harley’s motion for continuance because his counsel would not be available for trial. Thereafter, Harley’s speedy trial rights were constitutional, i.e., he was entitled to be brought to trial within a reasonable time; Rule 3.191(a)(1) no longer applied. Butterworth in and for Broward Cty. v. Fluellen, 389 So.2d 968 (Fla.1980). Thus, when Harley moved for discharge on January 22, 1981, on the ground that the 180 day speedy trial time had expired the motion was not well founded and was properly denied.
If Harley’s demand for speedy trial filed August 27, 1980, were a proper demand the state would have been required to bring him to trial no later than the 60th day following August 27th. However, at the time the demand was filed, proceedings for a mental examination pursuant to Florida Rule of Criminal Procedure 3.210 and Section 925.10(l)(a), Florida Statutes (1979), were pending. The record shows that Harley was not available for trial, Isley v. State, supra, and therefore his demand for speedy trial was spurious (see State v. Wright, 389 So.2d 289 [Fla. 3d DCA 1980]) and should have been stricken rather than denied. We hereby modify the order of March 18, 1981, by including therein the provision that Harley’s August 27, 1980, demand for discharge is spurious and is therefore stricken.
AFFIRMED AS MODIFIED.
ANSTEAD and GLICKSTEIN, JJ., concur.