WALDEN, Judge.
Willie Addison Guyton was charged with criminal offenses. The trial court granted Guyton’s motion for discharge on the basis of a speedy trial violation. The State appeals. We affirm.
Some of the State’s plaints deal with Guyton's motions made after speedy trial time had expired. These actions do not affect Guyton’s entitlement to discharge. Henshaw v. State, 390 So.2d 793 (Fla. 3d DCA 1980); Hammock v. State, 330 So.2d 522 (Fla. 1st DCA 1976), cert. den., 341 So.2d 1085 (Fla.1976); White v. State, 338 So.2d 256 (Fla. 4th DCA 1976).
The critical issue is whether a defense motion for appointment of an expert under Rule 3.216(a), Florida Rules of Criminal Procedure, tolls speedy trial time or is evidence of the accused’s unavailability for trial. We answer in the negative.
At the outset, the distinction between mental examinations of a criminal defendant under Section 925.10(a), Florida Statutes (1979), now embodied in Rule 3.210, Fla.R.Crim.P., and a Rule 3.216(a), Fla.R. Crim.P. examination must be pointed out.
By its basic provisions, Rule 3.210, Fla.R. Crim.P. contemplates holding a criminal action in abeyance where a criminal defendant is mentally incompetent to stand trial. A motion under this rule immediately places mental competence in issue and reasonable grounds for believing mental incompetence is present are required to be *645 stated in the motion (Rule 3.210(b)(1) and (2), Fla.R.Crim.P.). A determinative evaluation is pre-requisite to commencing trial. Thus, a defendant’s unavailability for trial pending the outcome of evaluation is clearly present.
In contrast, Rule 3.216(a), Fla.R.Crim.P., provides for one expert to examine a criminal defendant as to possible incompetence to stand trial or insanity at the time of the offense, for the sole purpose of assisting an attorney in defense preparation. The forward movement and impetus of the case is not, per se, halted. The expert reports only to a defendant’s attorney and these matters fall within the lawyer-client privilege.
Sanity does not become an issue unless notice of intent to rely on that defense is given within fifteen (15) days of arraignment or “not guilty” plea (Rule 3.216(c) Fla.R.Crim.P.). Competence only becomes an issue, under this rule, if notice of the perceived incompetence is given simultaneously with the filing of the Rule 3.216(a), Fla.R.Crim.P. motion.[1] It is only at this point (as contrasted with Rule 3.210, Fla.R.Crim.P.) that proceedings would necessarily become delayed under the provisions of Rule 3.216(d) and (e), Fla.R. Crim.P., and that is contingent upon notice of the defenses being given. Thus, it does not, by virtue of its basic provisions, always require a tolling of speedy trial time.
In the instant cause, the motion filed was pursuant to Rule 3.216(a), Fla.R.Crim.P. There is nothing in the record to suggest that its filing resulted in any procedural delays during the 180 day period in which defendant could have been speedily tried. Defense counsel never filed a Rule 3.216(c), Fla.R.Crim.P., notice of his intent to rely either on a defense of insanity or upon a position that defendant was incompetent to stand trial.
Thus, these matters were not placed in issue, and the mechanisms of Rule 3.216(d) and (e), Fla.R.Crim.P., which might arguably have tolled speedy trial, were not triggered. Further, during the applicable 180 day “speedy trial” period, the defense never sought a continuance and was never unavailable for trial.
The State relies upon Harley v. State, 412 So.2d 954 (Fla. 4th DCA 1982); Zirkle v. State, 410 So.2d 948 (Fla..3d DCA 1982); and Isley v. State, 354 So.2d 457 (Fla. 1st DCA 1978). However, these cases are not applicable as they presented delays in proceedings of a type clearly distinct from the facts of this case.
AFFIRMED.
ANSTEAD, C.J., and BERANEK, J., concur.

. At the court’s discretion, upon a showing of good cause for failure to simultaneously notice, a ten (10) day extension for compliance may be granted. In such a case, defendant becomes classified as "unavailable for trial” Rule 3.216(f), Fla.R.Crim.P.