ERVIN, Chief Judge.
Patterson appeals two sentences which he claims were violative of the sentencing guidelines law. We agree with the first contention raised, asserting that because the record is silent as to whether appellant knowingly and intelligently waived his protection against the imposition of ex post facto laws by selecting guideline sentencing, the sentences must be vacated.
Patterson was charged with the offenses of burglary of a dwelling while arming himself with a dangerous weapon, sexual battery with the use of a deadly weapon upon a person over the age of eleven years, and aggravated battery. He was found guilty by a jury of all three offenses as charged on September 30, 1983. Five days thereafter, he was given 75 years on the sexual battery count (a non-guideline sentence in that the offense was a life-felony, see Section 921.001(4)(a), Florida Statutes), 20 years on the burglary count, and three- and-one-half years on the aggravated battery count. As to the latter two sentences, imposed under the guidelines, the court *34 departed from the recommended range. Defense counsel challenged the constitutionality of the guidelines and objected throughout sentencing. Although all the offenses occurred before October 1, 1983, and Section 921.001(4)(a), Florida Statutes, requires that a defendant must affirmatively select guideline sentencing as to all non-capital and life felonies which are committed prior to October 1, 1983, the court nonetheless found it could impose such sentences as to the two offenses in question, because the defendant did not elect otherwise.
The lower court’s holding was clearly erroneous. The statute places the burden on the defendant to affirmatively select guideline sentencing — not the contrary. See Randolph v. State, 458 So.2d 64 (Fla. 1st DCA 1984) (in the absence of a defendant’s affirmative selection of guideline sentencing, she must be sentenced in accordance with the procedure in effect prior to the adoption of sentencing guidelines). Contrast Jones v. State, 459 So.2d 1151 (Fla. 1st DCA 1984) (defendant clearly selected guideline sentencing, notwithstanding the failure of the record to disclose that in making such selection, defendant was aware she was waiving her right to consideration for parole).
The two sentences imposed pursuant to the guidelines are reversed and vacated, and the cause is remanded to the trial court for resentencing as to them.
WENTWORTH, J., concurs.
BOOTH, J., dissents.