WENTWORTH, Judge.
Appellant seeks review of his conviction of attempted first degree murder with a firearm. He contends the trial judge committed reversible error by refusing the jury’s request for a written copy of jury instructions without notifying counsel. We affirm.
After closing arguments, the court gave its instructions and the panel retired for deliberations. Later, through a bailiff, the jury asked the judge to provide a written copy of the instructions. The judge refused, directing the bailiff to inform the jury that he would reread the instructions if so requested. The jury returned its guilty verdict without doing so. Counsel was not notified of the jury’s request until after the verdict was rendered.
Appellant contends reversal is required by Isley v. State, 354 So.2d 457 (Fla. 1st DCA 1978). The opinion in that case did agree “that the trial court erred in denying ... the jury’s request for a copy of the jury instructions without Isley or his counsel being present or receiving notice.” However, because a reversal for new trial was there required on another ground, i.e., error in rejecting an instruction on insanity, the court was not required to consider whether the other error, denial of the jury’s request, could be considered harmless, and the opinion makes no reference to that point other than to quote language from Ivory v. State, 351 So.2d 26 (Fla.1977), infra. Isley therefore does not control the state’s assertion in the present case that the error, if any, was harmless. We resolve that issue here in favor of affirmance based upon close examination of the controlling rule and precedent.
The Supreme Court opinion in Ivory related to error in granting a jury request for documentary exhibits including one not admitted in evidence, and in denying a copy of instructions also requested, without pri- or notice to the parties. The court said it need not determine whether mistrial was required for delivery of the report in question because “we find that it was prejudicial error ... to respond to the jury’s inquiries outside the presence of ... counsel.” (e.s.) It cited Fla.R.Crim.P. 3.410[1] and said “Any such communication ... is so fraught with potential prejudice that it cannot be considered harmless.” (e.s.) 351 So.2d 27, 28.
There is much logical appeal in the state’s argument that Ivory does not apply to the present case because the judge’s rejection of the jury request for a copy of instructions was not a communication within the terms of the prohibition in Rule 3.410 against giving “additional instructions” without notice.[2] However, the apparent conclusion to the contrary in Isley was dictated by the language in Ivory applying the rule to protect counsel’s “right to make full argument as to the reasons the jury’s request should or should not be honored.” (e.s.) 351 So.2d 28. We conclude that we can affirm here without resolving that argument on construction of the rule. Even assuming that the notice provisions of the rule apply when a trial judge refuses to grant a jury request for a copy of instruc *337 tions already given,[3] and assuming that Isley and Ivory require that we find error here for failure to give notice as prescribed by the rule, reversal is not compelled because Isley did not determine the harmless error issue, and because Ivory’s apparent ruling of per se prejudice has been subsequently qualified. The Supreme Court has expressly applied harmless error principles to what it termed a “procedural error” in failing to notify counsel under Rules 3.410 and 3.390(d) before an additional instruction (Allen charge) was given during jury deliberation: “... we find such error to be harmless in the present case.” Rose v. State, 425 So.2d 521 (Fla.1982).[4] Similarly in Hitchcock v. State, 413 So.2d 741 (Fla.1982), the Court reviewed a judge’s written response, without record evidence of notice or presence of counsel on a jury request during deliberation, stating “you should not consider any penalty at this time.” It held the “communication does not fall within ... 3.410, and Hitchcock has failed to demonstrate anything more than harmless error.” (e.s.) Other recent treatment of the harmless error doctrine[5] in different contexts[6] indicates agreement by our Court with the analysis of the doctrine in U.S. v. Hasting, 461 U.S. 499, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983), reflecting concern “that when courts fashion rules whose violations mandate automatic reversals, they ‘retreat [ ] from their responsibilities, becoming instead “impregnable citadels of technicality.” ’ ” 461 U.S. at p. 509, 103 S.Ct. at p. 1980, 76 L.Ed.2d at p. 106.
We therefore affirm, but in recognition of the probable frequency of the occurrence here in question, and the close issues presented in our application of recent precedent, we certify the following as questions of great public importance under Fla.R.App.P. 9.030(a)(2)(A)(v):
1. Is a trial judge’s denial of a jury request for a copy of instructions within the express notice requirements of Fla.R.Crim.P. 3.410?
2. Does Ivory v. State, 351 So.2d 26 (Fla.1977), preclude application of a harmless error rule to a trial judge’s denial of a jury request for a copy .of instructions during deliberations, without notice to counsel?
THOMPSON and WIGGINTON, JJ., concur.

. The rule reads:
After the jurors have retired to consider their verdict, if they request additional instructions or to have any testimony read to them they shall be conducted into the courtroom by the officer who has them in charge and the court may give them such additional instructions or may order such testimony read to them. Such instructions shall be given and such testimony read only after notice to the prosecuting attorney and to counsel for the defendant, (e.s.)

. The trial judge in the present case stated:
It’s hard to see how there could possibly be— how the Ivory case could possibly apply to such an innocuous situation as to tell the bailiff to tell the jury no, that the instructions aren’t in a form to be sent to the jury room. It wasn’t like an additional instruction was given to them or comment on the testimony or ....

. Cf., Fla.R.Crim.P. 3.400: “The court may permit the jury ... to take to the jury room ... all the instructions.” Kimmons v. State, 178 So.2d 608 (Fla. 1st DCA 1965), relying on this provision contained in an earlier statute, held that sending the written instructions without notice to counsel "does not require a reversal if no prejudice is shown to have resulted." Ivory held “Insofar as Kimmons is in conflict with [the Ivory ] holding, it is overruled.” 351 So.2d 28.

. Curtis v. State, 455 So.2d 1090 (Fla. 5th DCA 1984), holds that the rejection of a jury request to have certain testimony read was not reversible error absent prejudice because the "supreme court appears to have receded from ... Ivory in Rose_” In Villavicencio v. State, 449 So.2d 966 (Fla. 5th DCA 1984), with regard to a trial judge’s response to a jury inquiry, the holding was:
... The judge merely informed the jurors that a certain exhibit introduced at trial had not been admitted into evidence. The jury’s request was neither an express request for testimony to be read to them nor a request for additional instructions regarding the law in the case and thus was not per se within the scope of Rule 3.410.

. Section 924.33, Florida Statutes.

. State v. Murray, 443 So.2d 955 (Fla.1984).