537 So.2d 1099 (1989)
The STATE of Florida, Appellant,
v.
Thomas Harold ZIPFEL, Appellee.
No. 88-2199.
District Court of Appeal of Florida, Third District.
January 31, 1989.
Rehearing Denied March 2, 1989.
Robert A. Butterworth, Atty. Gen. and Mark S. Dunn, Asst. Atty. Gen., for appellant.
Michael S. Hacker, James C. Blecke, Miami, for appellee.
Before BARKDULL, and DANIEL S. PEARSON, JJ., and MELVIN, ORFINGER, Associate Judge.
PER CURIAM.
The state appeals a final order granting Zipfel's sworn motion to dismiss which also certifies an issue of great public importance. The certified question is:
Whether the jurat in the state's sworn traverse must be based on personal knowledge, as required of defendant's sworn motion to dismiss, pursuant to State v. Rodriguez, 523 So.2d 1141 (Fla. 1988).
We hold that the oath in the instant case[1] was an inappropriate oath pursuant to State v. Rodriguez, supra, and note that it would be impossible for a state attorney or assistant thereto, in all probability, to make an oath to a traverse upon personal knowledge. Compare Gorham v. State, 494 So.2d 211 (Fla. 1986). We believe it would be appropriate for such an oath to be couched in such language as that required by the rule for the execution of an information in the first instance. See Rule 3.140(g), Florida Rules of Criminal Procedure.[2]
Therefore we indicate that the trial court correctly answered the certified question, although it may have been for the wrong reason. See and compare Combs v. State, *1100 436 So.2d 93 (Fla. 1983); Patterson v. State, 462 So.2d 33 (Fla. 1st DCA 1985); Zirkle v. State, 410 So.2d 948 (Fla. 3d DCA 1982); Robinson v. State, 393 So.2d 33 (Fla. 1st DCA 1981).
Accordingly, the order of dismissal appealed herein is hereby affirmed.
AFFIRMED.
BARKDULL, J., and ORFINGER, Associate Judge, concur.
DANIEL PEARSON, Judge, concurring.
The majority opinion is internally inconsistent. I agree with the majority that it would be as impossible for a state attorney to make an oath to a traverse upon personal knowledge as it would be to make such an oath to an information. But if that is the case, then I obviously cannot agree with the majority when it says that the trial court correctly answered the certified question, namely, whether the oath to a sworn traverse must be based on personal knowledge. But notwithstanding that the county court incorrectly answered the certified question, it correctly dismissed the information because the oath to the traverse was, as the majority points out, otherwise inadequate. I therefore concur in the result of dismissing the action.
NOTES
[1] The oath reads as follows:

"BEFORE ME, the undersigned authority, duly authorized to administer oaths and take acknowledgements, personally appeared SCOTT KOTLER, who, being by me first duly sworn, deposes and says that he is a duly appointed Assistant State Attorney of the Eleventh Judicial Circuit of Florida and that, as such, he is authorized to execute and has executed the above Traverse; and that he has read the allegations therein contained and the same are true and correct to the best of his knowledge and belief. Further affiant saith not."
[2] Rule 3.140(g), Florida Rules of Criminal Procedure reads as follows:

"(g) Signature, Oath, and Certification; Information. An information charging the commission of a felony shall be signed by the state attorney, or a designated assistant state attorney, under oath stating his good faith in instituting the prosecution and certifying that he has received testimony under oath from the material witness or witnesses for the offense. An information charging the commission of a misdemeanor shall be signed by the state attorney, or a designated assistant state attorney, under oath stating his good faith in instituting the prosecution. No objection to an information on the ground that it was not signed or verified, as herein provided, shall be entertained after the defendant pleads to the merits."