916 So.2d 59 (2005)
Toby Terrell INMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-4882.
District Court of Appeal of Florida, Second District.
December 14, 2005.
James Marion Moorman, Public Defender, and A. Anne Owens, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Danilo Cruz-Carino, Assistant *60 Attorney General, Tampa, for Appellee.
FULMER, Chief Judge.
Toby Inman appeals his conviction for Driving While License Suspended or Revoked  Third or Subsequent, in violation of section 322.34(2)(c), Florida Statutes (2004). Inman was driving a seated, two-wheeled, battery-powered electric vehicle on a public street when he was ticketed for driving with a suspended or revoked license. He moved to dismiss the charge, arguing that the vehicle was not a motor vehicle as defined in section 322.01(26) and, therefore, he was not required to have a driver's license. The trial court denied the motion, and Inman entered a plea of nolo contendere, reserving his right to appeal the denial of the motion to dismiss. We affirm.
The vehicle Inman was operating was a SunL E-21 Electric Scooter. The user's manual describes the vehicle as being 1080 millimeters (roughly 3.5 feet) long, 440 millimeters (roughly 1.4 feet) wide, and 960 millimeters (roughly 3 feet) high and weighing 28 kilograms (roughly 62 pounds). Each of the two tires is twelve inches in diameter. The vehicle is powered by two twelve-volt rechargeable batteries; there is no additional or alternate source of power, such as bicycle-like pedals allowing for user-generated propulsion. There is a seat, apparently adjustable for height. The vehicle's maximum speed is listed as eighteen kilometers per hour (about eleven miles per hour). Its range per battery charge is ten kilometers (a little over six miles).
Resolving the issue of whether Inman's vehicle is a "motor vehicle" is a relatively straightforward matter of statutory interpretation.[1] The statute that Inman is alleged to have violated reads, in pertinent part, as follows:
(2) Any person whose driver's license or driving privilege has been canceled, suspended, or revoked as provided by law,... who, knowing of such cancellation, suspension, or revocation, drives any motor vehicle upon the highways of this state while such license or privilege is canceled, suspended, or revoked, upon:... (c) A third or subsequent conviction is guilty of a felony of the third degree....
§ 322.34(2)(c) (emphasis added). "Motor vehicle" is defined for the purposes of chapter 322 as:
any self-propelled vehicle, including a motor vehicle combination,[2] not operated upon rails or guideway, excluding vehicles moved solely by human power, motorized wheelchairs, and motorized bicycles as defined in s. 316.003.
§ 322.01(26). Motorized bicycles, the only category excluded from the definition of "motor vehicle" that is potentially relevant here, are defined within the definition of "bicycle" in section 316.003(2), Florida Statutes (2004). A bicycle is:
[e]very vehicle propelled solely by human power, and every motorized bicycle propelled by a combination of human power and an electric helper motor capable of propelling the vehicle at a speed of not more than 20 miles per hour on level ground upon which any person may ride, having two tandem wheels, and including any device generally recognized as a bicycle though equipped with two front or two rear wheels. The term *61 does not include such a vehicle with a seat height of no more than 25 inches from the ground when the seat is adjusted to its highest position or a scooter or similar device....
Id. (emphasis added). Because Inman's vehicle does not have both an electric motor and pedals for user-generated propulsion, the vehicle falls outside the definition of motorized bicycle. Id. Because the vehicle is self-propelled, is not operated upon rails or a guideway, and does not fall within any of the exclusions (including motorized bicycle) listed in section 322.01(26), it is by definition a motor vehicle under this subsection.
We also note that Inman's vehicle fits the definition of "electric vehicle" found in section 320.01(37), Florida Statutes (2004):
"Electric vehicle" means a motor vehicle that is powered by an electric motor that draws current from rechargeable storage batteries, fuel cells, or other sources of electric current.
(Emphasis added.) This definition applies to the entire Florida Statutes except as otherwise provided, § 320.01, and there is no separate definition of "electric vehicle" in section 322.01.
Inman argues that even though the type of vehicle he was driving is not listed as an exception to "motor vehicle" in section 322.01(26), it is a new item that the Legislature has not yet categorized. Therefore, he argues, in the absence of legislative proscription, the rule of lenity embodied in section 775.021(1), Florida Statutes (2004), should apply such that his vehicle should be considered outside the definition of "motor vehicle." However, to be excluded from the definition of "motor vehicle," Inman's vehicle would have to be explicitly included in the list of excluded vehicles. Because it is not, the vehicle falls within the definition of "motor vehicle" found in section 322.01(26). See, e.g., Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342 (Fla.1952) (noting the court's frequent holding that the rule "expressio unius est exclusio alterius," meaning "express mention of one thing is the exclusion of another," is applicable in statutory construction and that "had the legislature intended to establish other exceptions [within the statute at issue] it would have done so clearly and unequivocally"); Williams v. Am. Sur. Co. of N.Y., 99 So.2d 877, 880 (Fla. 2d DCA 1958) ("Where a statute sets forth exceptions, no others may be implied to be intended."). Inman also argues that his vehicle has many attributes of a motorized bicycle. While this may be true, it nevertheless fails to meet the definition of "motorized bicycle" for the reason described above. As such, it does not fall within the exception for motorized bicycles in section 322.01(26).
We therefore conclude that Inman was operating a motor vehicle when he was driving his SunL E-21 Electric Scooter on a public street. As such, he was in violation of section 322.34(2)(c), and his conviction must be affirmed.
Affirmed.
ALTENBERND and KELLY, JJ., Concur.
NOTES
[1] There appear to be no Florida cases addressing the specific type of vehicle at issue here.
[2] A "motor vehicle combination" refers to a "motor vehicle operated in conjunction with one or more other vehicles," § 322.01(27), and is therefore not relevant in this case.