EDWARDS, J.
Ray Crosby (“Appellant”) appeals from his conviction of possession of a controlled substance with intent to sell within 1000 feet of a place of worship. Prior to trial, Appellant filed a motion requesting the trial court appoint expert, Dr. Patrick J. Ward, to evaluate Appellant’s competency to stand trial and his mental status at the time of the alleged offense. The trial court entered an order appointing Dr. Ward, which directed him to examine the Appellant “and report to the attorney for the Defendant to assist defense counsel in the preparation of his defense.” Based upon the fact that the trial court subsequently entered an order compensating the expert for his services, it appears that Dr. Ward conducted the evaluations and provided his report to defense counsel.
Appellant incorrectly argues that the trial court was obligated to hold a hearing and enter an order regarding Appellant’s competency prior to conducting the trial. Although neither the motion nor the order concerning the appointment of Dr. Ward refers to any specific rule or statute, it is obvious from the context of both the motion and order that the evaluation was done pursuant to Florida Rule of Criminal Procedure 3.216, rather than Florida Rule of Criminal Procedure 8.210. The committee notes to Florida Rule of Criminal Procedure 3.216 state that the rule allows an indigent defendant’s “attorney to screen possible incompetency or insanity cases and give a basis for determining whether issues of incompetence or insanity ought to be raised before the court.” Rule 3.216(a) provides that the expert’s report is considered protected by attorney-client privilege. Thus, unless the defendant’s attorney decides to actually raise the defense of insanity or assert incompetence to proceed, no further proceeding regarding the defendant’s mental status is required by rule 3.216.[1]
Following entry of the pre-trial order compensating Dr. Ward, there was no further mention of, or proceeding regarding, Appellant’s competency or sanity. Because Appellant did not affirmatively raise the issue of his competency below, neither rule 3.210 nor Dougherty v. State, 149 So.3d 672 (Fla.2014), apply. Thus, the trial court was not required to conduct a rule 3.210 competency hearing before proceeding with trial and sentencing.
Finding no error in the sole issue raised by Appellant, we affirm.
AFFIRMED.
SAWAYA and WALLIS, JJ., concur.

. See State v. Guyton, 445 So.2d 644, 644-45 (Fla. 4th DCA 1984), for a discussion on the differences between proceeding under rule 3.216 versus rule 3.210.