5IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

STATE OF FLORIDA,

      Appellant,

v.                                 Case No. 5D15-3568

CHARLES SEWARD,

      Appellee.

_____/

Opinion filed April 8, 2016

Appeal from the Circuit Court
for Orange County,
Jenifer M. Davis, Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Kristen L. Davenport,
Assistant Attorney General, Daytona
Beach, for Appellant.

James S. Purdy, Public Defender, and
Nicole J. Martingano, Assistant Public
Defender, Daytona Beach, for Appellee.

EVANDER, J.

      The State appeals the trial court's order granting Charles Seward's motion to

dismiss filed pursuant to Florida Rule of Criminal Procedure 3.190(c)(4).[1] It argues that

---

[1] Rule 3.190(c)(4) provides that a party may move to dismiss an indictment or information where "[t]here are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant."

its traverse specifically disputed the material facts asserted in Seward's motion and was otherwise legally sufficient to withstand the motion. We agree, and accordingly, reverse.

Seward was charged with driving a motor vehicle upon the highways of the State of Florida while his driver's license was revoked as a habitual traffic offender in violation of section 322.34(5), Florida Statutes (2014). He subsequently filed a motion to dismiss, averring that at the time of his arrest he was "allegedly riding a bicycle." The motion further asserted that Seward was not required to have a valid driver's license because, although an individual is prohibited from driving a motor vehicle with a revoked driver's license, section 322.01(27), Florida Statutes (2014), excluded motorized bicycles from the definition of "motor vehicle."

The State filed a traverse specifically denying that Seward was riding a bicycle. The traverse additionally recited that in his sworn statement, Deputy King alleged that "the Defendant was on a Gas Powered Bicycle" and "was traveling under Gas Power at a speed in excess of 30 M.P.H." In the legal argument that was included in the traverse, the State correctly observed that the exclusion of motorized bicycles from the definition of "motor vehicle" under section 322.01(27)[2] applied only if the motorized bicycle fell within the definition of motorized bicycle set forth in section 316.003, Florida Statutes (2014).

---

[2] "Motor vehicle" is defined in section 322.01(27) as:

> [A]ny self-propelled vehicle, including a motor vehicle combination, not operated upon rails or guideway, excluding vehicles moved solely by human power, motorized wheelchairs, and motorized bicycles as defined in [section] 316.003.

The State's traverse set forth the definition of "motorized bicycle," which is included within the definition of a "bicycle" found in section 316.003(2), Florida Statutes (2014):

> **Bicycle. –** Every vehicle propelled solely by human power, and every motorized bicycle propelled by a combination of human power and an *electric helper motor* capable of propelling the vehicle at a speed of *not more than 20 miles per hour* on level ground upon which any person may ride, having two tandem wheels, and including any device generally recognized as a bicycle though equipped with two front or two rear wheels. . . .

§ 316.003(2), Fla Stat. (2014) (emphasis added). The State argued that the officer's sworn statement that Seward was driving a gas-powered bicycle in excess of thirty miles per hour precluded Seward's reliance on the "motorized bicycle" exclusion.

Our review of the trial court's order is de novo. *State v. Taylor*, 16 So. 3d 997, 999 (Fla. 5th DCA 2009). A rule 3.190(c)(4) motion to dismiss must be denied by the trial court if the State files a traverse that specifically denies under oath a material fact alleged in the motion. *Id.* Furthermore, the State is not required to oppose a defendant's motion to dismiss with an affidavit in order to avoid dismissal. Rather, it is sufficient if the State's traverse specifically denies a material fact alleged in the defendant's motion, or asserts additional material facts that establish a prima facie case*. Id.*

Here, the State's traverse specifically denied Seward's averment that he was riding a bicycle. Additionally, the State's traverse asserted additional material facts, to wit: that Seward was on a gas-powered bicycle that was traveling in excess of thirty miles per hour. These additional facts, if proved at trial, would remove Seward's "bicycle" from the motorized bicycle exclusion to the definition of a motor vehicle. *See*

3

*Inman v. State*, 916 So. 2d 59 (Fla. 2d DCA 2005) (holding that two-wheeled vehicle powered by two twelve-volt rechargeable batteries that lacked an additional or alternate source of power such as bicycle-like pedals that would allow for user-generated propulsion did not fall within the definition of motorized bicycle, and thus, was a motor vehicle; defendant's conviction for driving while license suspended affirmed).

Seward also argues that the State's traverse included a defective jurat. In support of his claim, Seward relies on *State v. Zipfel*, 537 So. 2d 1099 (Fla. 3d DCA 1989), where our sister court held that a jurat stating that the allegations in the arrest affidavit were "true and correct to the best of [the assistant state attorney's] knowledge and belief" was insufficient. 537 So. 2d at 1099 n.1. However, in the instant case, the jurat to the State's traverse recited that the information set forth in the traverse was "based on evidence and sworn testimony received by the Office of the State Attorney in the investigation of this case." This type of jurat has been found to be sufficient. *See, e.g., State v. Terma*, 997 So. 2d 1174, 1178 (Fla. 3d DCA 2008); *see also Zipfel*, 537 So. 2d at 1099 ("We believe it would be appropriate for such an oath to be couched in such language as that required by the rule for the execution of an information in the first instance."). Because the State's traverse was legally sufficient and specifically disputed the material facts asserted in Seward's motion, we conclude that the trial court erred in dismissing the information filed against Seward.

REVERSED and REMANDED.

ORFINGER and COHEN, JJ., concur.

4