# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D16-3174
_____

ANTONIO ATWATER,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
Angela Cox, Judge.

January 2, 2018

On Motion for Written Opinion

PER CURIAM.

    Antonio Atwater was convicted of first-degree murder and two counts of armed robbery. In his single issue on appeal, Atwater argued that the trial court reversibly erred by failing to hold a competency hearing after appointing a confidential expert to evaluate Atwater for the purpose of aiding defense counsel in determining Atwater's competency to proceed. We previously affirmed Atwater's judgments and sentences without an opinion. We now grant his motion for written opinion, withdraw our prior decision, and substitute the following opinion in its place.

    Prior to trial, defense counsel moved, pursuant to Rule 3.216(a), Florida Rules of Criminal Procedure, to have a "confidential expert" appointed "to examine [Atwater] in order to

assist counsel in determination of [Atwater's] competence to proceed." The court promptly entered an order appointing an expert as requested, and the order expressly provided that under Rule 3.216(a), the expert was to report only to defense counsel and that all matters related to the evaluation fell within the lawyer-client privilege. The content and context of the motion and related oral representations by defense counsel to the court demonstrate that the request for a confidential expert evaluation was made as a precautionary measure and was insufficient to trigger a mandatory competency hearing under Rule 3.210(b), Florida Rules of Criminal Procedure. Without more, the court was not required to take further action relating to Atwater's competency before proceeding with trial and sentencing. *See Crosby v. State*, 175 So. 3d 382, 383 (Fla. 5th DCA 2015) (explaining a trial court is not required to conduct a Florida Rule of Criminal Procedure 3.210 competency hearing after appointing an expert at defense counsel's request made pursuant to Rule 3.216, "unless the defendant's attorney decides to actually raise the defense of insanity or assert incompetence to proceed."); *see also State v. Guyton*, 445 So. 2d 644, 644-45 (Fla. 4th DCA 1984) (discussing rules 3.210 and 3.216).

AFFIRMED.

RAY and OSTERHAUS, JJ., and PATTERSON, CHRISTOPHER N., ASSOCIATE JUDGE, concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Rick A. Sichta, Susanne K. Sichta, and Joseph Hamrick of The Sichta Firm, LLC., Jacksonville, for Appellant.

Pamela Jo Bondi, Attorney General, and Jason W. Rodriguez, Assistant Attorney General, Tallahassee, for Appellee.