346 So.2d 1233 (1977)
Robert RANDALL, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-1193.
District Court of Appeal of Florida, Third District.
June 14, 1977.
*1234 Robert Randall, in pro. per.
Robert L. Shevin, Atty. Gen., Joel D. Rosenblatt, Asst. Atty. Gen. and Jose R. Rodriguez, Legal Intern, for appellee.
Before BARKDULL, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
The appellant was charged, by information containing a count of false imprisonment, six counts of robbery while carrying a deadly weapon, and one count of possession of a firearm while engaged in a criminal offense, to wit: robbery. He pleaded not guilty, was tried before a jury which returned a verdict of guilty on all counts. All sentences were to run concurrently with the longest sentence. This appeal ensued.
Four points are preserved for review. That the trial court erred in not having the defendant present during the charge conference. We do not find this constitutes fundamental error. There is no requirement, by statute or rule, that a defendant be present at a charge conference and no objection to the procedure was made by the defendant in the trial court. State v. Melendez, 244 So.2d 137 (Fla. 1971). Error is urged in the failure of the trial judge to give instructions on lesser included offenses. The only question preserved for review by the jury was the identity of the culprit. The crimes were admitted; the defendant gave an alibi defense, and the only question to be determined by the jurors was the identity of the perpetrator of the crime. As a matter of trial strategy, the defendant could waive the charge on lesser included offenses in such a situation. See: Black v. State, 279 So.2d 909 (Fla.3rd D.C.A. 1973). There is also a contention that more than one sentence could not be imposed under the circumstances of the alleged single transaction. This is without *1235 merit in the instant case. See: Johnson v. State, 338 So.2d 556 (Fla.3rd D.C.A. 1976). Lastly, the appellant, by pro se brief, contends for the first time on appeal that the State supplied him with ineffective assistance of counsel through the Public Defender's Office. This is not a proper subject of error on direct appeal, but should first be made in the trial court by a petition under Fla.R.Crim.P. 3.850. See: State v. Barber, 301 So.2d 7 (Fla. 1974).
Therefore, for the reasons above stated, the verdict, adjudications, and sentences be and they are hereby affirmed.
Affirmed.