439 So.2d 288 (1983)
The STATE of Florida, Appellant,
v.
Jose PRIETO, Appellee.
No. 82-400.
District Court of Appeal of Florida, Third District.
September 27, 1983.
Rehearing Denied November 7, 1983.
*289 Jim Smith, Atty. Gen., and Paul Mendelson and William Thomas, Asst. Attys. Gen., for appellant.
Ira L. Dubitsky, Miami, for appellee.
Before NESBITT, DANIEL S. PEARSON and FERGUSON, JJ.
PER CURIAM.
The defendant was charged with kidnapping, robbery, and carrying a concealed weapon. Following a jury trial, he was found guilty of kidnapping and carrying a concealed weapon. The defendant filed a motion for a new trial alleging, among other grounds, that: (1) it was error to deny the defendant's motion for a continuance; (2) a mistrial should have been granted because of the arresting officer's impermissible comments on defendant's silence; and (3) a mistrial should have been granted based on the trial court's improper communication with the jury outside the presence of defense counsel. The trial court found that the cumulative effect of these errors required that the defendant's motion for a new trial be granted. This appeal by the state ensued.
The granting of a motion for a new trial is an exercise of the broad discretion of the trial judge, State v. Woodson, 330 So.2d 152 (Fla. 4th DCA 1976), and a stronger showing is required to upset an order granting a new trial than is required to overturn an order denying a new trial. Castlewood International Corp. v. LaFleur, 322 So.2d 520 (Fla. 1975). This court's standard of review is to determine whether the lower court abused its discretion. State v. Bowle, 318 So.2d 407 (Fla. 4th DCA 1975); State v. Riggins, 314 So.2d 238 (Fla. 4th DCA 1975), cert. denied, 333 So.2d 464 (Fla. 1976). Finding that it did, we reverse.
The first basis upon which the judge granted a new trial was that he had erroneously denied the defendant's motion for a continuance. Three days prior to trial, defense counsel made the motion on the basis that he had learned only several days earlier that the deposition of one of the state's witnesses had not been transcribed. Defense counsel claimed that without reviewing the deposition, he would be deprived of the ability to effectively impeach that witness' testimony.
Because the relevant deposition was never transcribed, the defense was asking the trial court, by its motion for new trial, to engage in speculation as to whether the defendant had been prejudiced. By doing so, the defense failed to meet its burden of establishing that the denial of the motion for a continuance was an abuse of discretion. Edwards v. Pratt, 335 So.2d 597 (Fla. 3d DCA 1976). On our review, then, we find that it was an abuse of discretion for the trial court to grant a new trial on this basis.
The second error recited in the trial court's order granting a new trial was the admission of comments pertaining to the defendant's post-arrest silence. We agree with the defendant that generally a prosecutor is prohibited from commenting upon the defendant's right to remain silent. However, the present case is similar to Williams v. State, 353 So.2d 588, 590 (Fla. 3d DCA 1977), cert. dismissed, 372 So.2d 64 (Fla. 1979), wherein this court stated:
From the record, we find that the prosecutor was seeking to introduce a statement of the defendant into evidence, and it was necessary to first show that she had been properly warned of her constitutional rights, and that she knowingly and voluntarily waived those rights. The record fails to show that the defendant exercised her right to remain silent. Rather, the testimony shows that she did not seek to exercise the right to remain silent, and that her inculpatory statements *290 were made freely, voluntarily and with full knowledge of her rights.
See also Ragland v. State, 358 So.2d 100 (Fla. 3d DCA), cert. denied, 365 So.2d 714 (Fla. 1978). Similarly, in the present case, the arresting officer's testimony established that Prieto never invoked his Fifth Amendment privilege against self-incrimination. Rather, it is clear that the defendant freely conversed with police, failing to answer only two questions out of the entire conversation. In Ragland, supra, we held that a comment upon the failure to answer a single question was not violative of appellant's constitutional right when said right was not invoked. The same rationale is applicable here, and accordingly, we hold that the trial court abused its discretion in utilizing this as a basis for granting a new trial.
The third error relied upon by the defendant in support of his motion for a new trial was that the judge improperly communicated with the jury outside of the presence of defense counsel. During the deliberations, the jury requested to rehear the deposition of one of the witnesses. The judge responded that the jurors should rely on their own memories. Thereafter, the judge informed the attorneys of his communication and solicited objections from the parties. At that point, defense counsel sought to have the deposition read to the jury but did not move for a mistrial. When the impropriety of the judge's communication was raised in the defendant's motion for a new trial, the trial judge ruled that a mistrial should have been granted.
While we agree that the per se rule of Ivory v. State, 351 So.2d 26 (Fla. 1977) would ordinarily mandate this result, such is not the case here because defendant failed to make a timely motion for a mistrial. See e.g., Clark v. State, 363 So.2d 331 (Fla. 1978). Absent fundamental error, which was not present here, cf. Sanford v. Rubin, 237 So.2d 134 (Fla. 1970), we find that the lower court improperly utilized this as a basis for granting a new trial.
Because we find that none of the errors relied upon by the lower court warrant a new trial, we reverse.
FERGUSON, Judge (concurring).
I concur in the result but write separately to address two points which are certain to come before us again.
First, the majority cites to Ivory v. State, 351 So.2d 26 (Fla. 1977), recognizing it as setting forth a rule that any communication between the trial judge and the jury in the absence of and without consent of the defendant's counsel is reversible error per se where timely objected to. However, in Rose v. State, 425 So.2d 521 (Fla. 1982), cert. denied, ___ U.S. ___, 103 S.Ct. 1883, 76 L.Ed.2d 812 (1983), the Florida Supreme Court appears to have receded from Ivory, holding that such communications may constitute harmless error. Since the Ivory holding is not pertinent to this case, again we need not decide the question. See Turner v. State, 431 So.2d 328 (Fla. 3d DCA 1983).
More importantly, the challenged "communication" in this case was simply a denial by the court, in its discretion, of the jury's request to have certain testimony read back by the stenographer. The mere denial of the request in the absence of defense counsel  unlike the giving of testimony or instructions in his absence  was not a communication as contemplated by Florida Rule of Criminal Procedure 3.410.[1] The simple denial of a request for additional instructions *291 or testimony in counsel's absence is erroneous only where it constitutes an abuse of discretion. Here it was not.
NOTES
[1] Fla.R.Crim.P. 3.410 and Committee Note state:

After the jurors have retired to consider their verdict, if they request additional instructions or to have any testimony read to them they shall be conducted into the courtroom by the officer who has them in charge and the court may give them such additional instructions or may order such testimony read to them. Such instructions shall be given and such testimony read only after notice to the prosecuting attorney and to counsel for the defendant.
Committee Note
This is the same as former Rule 3.410, except that the former rule made it mandatory for the trial judge to give additional instructions upon request. The Committee feels that this should be discretionary.