449 So.2d 966 (1984)
Ramon VILLAVICENCIO, Appellant,
v.
STATE of Florida, Appellee.
No. 83-149.
District Court of Appeal of Florida, Fifth District.
May 10, 1984.
*967 James B. Gibson, Public Defender, and Larry B. Henderson, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Sean Daly, Asst. Atty. Gen., Daytona Beach, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Ramon Villavicencio appeals from a judgment and sentence for burglary of a structure and from an order withholding adjudication of guilt on a second count of burglary of a structure. We affirm.
The first question we address is whether the trial court erred in refusing to grant a mistrial based on the prosecutor's comment that appellant's testimony was "rehearsed."
At trial, appellant was asked how he felt "on the inside" after being handcuffed by police and placed in the patrol car. Appellant's response was "I began to sweat profusely." An objection to the answer as being unresponsive was sustained. Appellant then stated that he was nervous because the officer was pointing his gun at him.
During closing arguments, the prosecutor commented to the jury as follows:
Officer Boyden arrives on the scene because Officer Phipps has secured those two buildings, no one has entered the hole in Dan's Fan store. He goes in with his navy blue trousers and with the dog, and when he comes out, what's all over his navy blue trousers? White dust that wasn't there when he ... before he entered. White dust on the Defendant's pants. White dust on Officer Boyden's blue pants after going in there.
There's no white dust on the blacktop asphalt paved parking lot, but the Defendant sure had that answer readily available to him, didn't he. `Got that dust when I was laying on the ground.' How did you get so sweaty?' `Sweaty because I was nervous.'
One of the most important instructions Judge McGregor is going to give you is to take your common sense into that jury room. A reasonable doubt is something that's reasonable. Just by its very definition, it's not a speculative or an imaginary doubt, it's reasonable.
And how do we determine if things are reasonable? We use our common sense and the law that Judge McGregor will instruct you on.
Is it reasonable, gentlemen, that when an attorney asks his client `How did you feel inside?' he blurts out, `I was sweating all over?' It's a rehearsed answer.
Defense counsel objected and moved for a mistrial on the basis that the comment suggested that he and appellant had concocted the story for trial. The judge denied the motion for mistrial and gave the jury the following instruction:
Gentlemen of the jury, the Court has sustained an objection to the Prosecutor's comments concerning the use of the *968 word `rehearsed.' That was an improper comment and the Court sustains the objection and asks that you disregard that portion of the prosecutor's closing argument. Put it out of your minds. It has no effect whatsoever so far as your decision is concerned.
The prosecutor then explained his remark to the jury:
Gentlemen, let me apologize to the Court and to [defense counsel]. But, suffice it to say, when a person is asked how he feels inside and he responds `I was sweating', I think using our common sense that witness felt the need to be unresponsive and have to explain to the six men sitting in that jury box why he was sweating, even though that wasn't the question that was asked.
A motion for mistrial should be granted only when the comment is so prejudicial as to vitiate the entire trial. Cobb v. State, 376 So.2d 230 (Fla. 1979). The courts have also recognized that the prejudicial effect of a comment may be cured by an appropriate instruction. See Jackson v. State, 421 So.2d 15 (Fla.3d DCA 1982); Carter v. State, 356 So.2d 67 (Fla. 1st DCA 1978); Knight v. State, 316 So.2d 576 (Fla. 1st DCA 1975). In the instant case, the court instructed the jury to disregard the remark, the prosecutor apologized and explained the remark in the context of a comment on the evidence. In these circumstances, the denial of the motion for mistrial was not error.
The next question is whether the court erred in denying a motion for new trial based on a communication with the jury out of the presence of appellant and his counsel.[1]
After the jury rendered its verdict, the following discussion took place:
MR. FIGGATT [Defense counsel]: Your Honor, I would again respectfully renew my motion for mistrial made during the course of this trial.
I'd also move the Court for a mistrial because I understand the Court has communicated with the jury outside my client's presence about an exhibit of some kind that they did or did not want, but I'm not exactly certain what the communication was.
The fact that there has been a communication with the jury, I just want to clarify that because it's going to come up later.
What are they asking for?
THE COURT: It was indicated that they thought there was another exhibit, and all I did was tell them the Exhibit A for identification was not received in evidence.
MR. FIGGATT: And that was the totality of the communication?
THE COURT: Yes.
Appellant contends that the denial of his motion for new trial based on the judge's communication with the jury was error. In support of his position, appellant principally relies on Florida Rule of Criminal Procedure 3.410 and Ivory v. State, 351 So.2d 26 (Fla. 1977). Rule 3.410 provides as follows:
After the jurors have retired to consider their verdict, if they request additional instructions or to have any testimony read to them they shall be conducted into the courtroom by the officer who has them in charge and the court may give them such additional instructions or may order such testimony read to them. Such instructions shall be given and such testimony read only after notice to the prosecuting attorney and to counsel for the defendant.
*969 In Ivory, the court declared:
[T]hat it is prejudicial error for a trial judge to respond to a request from the jury without the prosecuting attorney, the defendant, and defendant's counsel being present and having the opportunity to participate in the discussion of the action to be taken on the jury's request.
351 So.2d at 28. The court reasoned that any communication with the jury outside the presence of the prosecutor, defendant, and defendant's counsel is so fraught with potential prejudice that it cannot be considered harmless.
In the instant case, the judge merely informed the jurors that a certain exhibit introduced at trial had not been admitted into evidence. The jury's request was neither an express request for testimony to be read to them nor a request for additional instructions regarding the law in the case and thus was not per se within the scope of rule 3.410.
Furthermore, the supreme court has seemingly receded from the near-absolute holding of Ivory. In Hitchcock v. State, 413 So.2d 741 (Fla. 1982), the jury, then deliberating guilt or innocence in a capital case, sent a note to the judge: "Is it required for us to recommend death penalty or life at this time?" The judge wrote back: "You should not consider any penalty at this time  only guilt or innocence." The notes were marked as being filed in open court, but the record did not indicate whether or not the parties were present during the exchange. The court held that the communication did not fall within the scope of Florida Rule of Criminal Procedure 3.410 and Hitchcock had failed to demonstrate anything more than harmless error. Harmless error was also found in Rose v. State, 425 So.2d 521 (Fla. 1982), where the trial court, without notifying defense counsel, gave an "Allen charge" after the jury had deliberated seven hours.
In the case before us, appellant has failed to demonstrate prejudice as a result of the judge's communication. Therefore, the error, if any, was harmless.
AFFIRMED.
COBB, J., concurs.
DAUKSCH, J., concurs specially with opinion.
DAUKSCH, Judge, concurring specially:
I concur in the result reached by the majority but I cannot agree with the requirement that the appellant must demonstrate some prejudice when an ex parte communication with the judge and jury occurs. In my opinion there was clearly no prejudice or even possible prejudice on account of the communication here. While I do not think a per se rule as suggested in Ivory is proper I also do not think there should be some burden on the parties, or either of them, to prove prejudice when an improper communication occurs. I think if the record shows there is a possibility that prejudice could have occurred then enough is shown to render the error not harmless.
NOTES
[1] Although there is some language suggesting that appellant may have abandoned this objection, we conclude that the issue was preserved for appeal.