PER CURIAM.
The trial court denied the defendants the opportunity to be present in the courtroom when it examined a court witness, notwithstanding the fact that counsel for the defendants had requested their presence and the state had indicated no objection.[1]
We find this error. Francis v. State, 413 So.2d 1175 (Fla.1982); State v. Basiliere, 353 So.2d 820 (Fla.1978); Chapman v. State, 302 So.2d 136 (Fla. 2d DCA 1974); Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1005, 39 L.Ed.2d 347 (1974); Fla.R.Crim.P. 3.180(a). Therefore the adjudications and sentences thereon be añd the same are hereby reversed and this cause is remanded for a new trial as to all appellants.
Reversed and remanded.

. Defense counsel may have initially waived their right to cross-examination and the presence of the defendants at the time the trial court viewed the witness, but any such waiver was emphatically withdrawn when the court commenced an extensive examination of the witness, which went beyond merely viewing the witness, which was the initial reason for having her present.