ORFINGER, Judge.
Appellant Curtis appeals a judgment of conviction of the crime of aggravated assault with a deadly weapon, contending in his sole issue on appeal that a new trial is required because the trial court responded to a question from the jury without first giving notice to the prosecutor and to defendant’s counsel as required by Florida Rule of Criminal Procedure 3.410. We find no error and affirm.
During its deliberations, the foreman of the jury sent two written questions to the trial judge, viz:
Q: Jury wishes to know if there is a record of plaintiff shouting into the phone, “he’s going to stab me.”
Q: Can we accept that statement as evidence?
On the same sheet of paper, filed in open court and made part of the record, the trial judge responded:
A: Members of the jury:
Your decision in this case will have to be based solely on the evidence presented in the trial itself — This evidence consists of the testimony of the witnesses and the photographs only. As to the testimony, you will have to consider all of it and you may accept or reject all or part of any witness’s statement depending upon its credibility or lack of credibility when considered or compared with all of the other evidence.
The record is silent as to whether or not the trial court notified counsel of this request. Appellant contends that the absence of any record showing that counsel were notified or that court was reconvened, unerringly points to the conclusion that no such notice was given. On the other hand, the State asserts that the absence of any such indication in the record could mean that the record is incomplete. We would consider the State’s position in a stronger light had it been represented to us that the record was, in fact, incomplete so that we could order it supplemented pursuant to Florida Rule of Appellate Procedure 9.200(f)(2), but neither party has suggested to us the absence of a complete record. As a matter of fact, the record appears to reflect each time the court is convened or recessed, and times when the jury is excused and brought back into the courtroom. Because neither the trial transcript nor -the court minutes reflect that court was reconvened or that counsel were present when the judge received and returned the questions, for purposes of this opinion, we can only assume that they were not so notified or present.
Appellant relies on Ivory v. State, 351 So.2d 26 (Fla.1977) as warranting reversal here. In Ivory, the trial court responded to a request of the jury for certain documentation without first notifying the defendant, his counsel or the prosecutor, and outside of their presence and submitted the requested material to the jury. In reversing for a new trial, the supreme court said:
Any communication with the jury outside the presence of the prosecutor, the defendant, and defendant’s counsel is so fraught with potential prejudice that it cannot be considered harmless.

We now hold that it is prejudicial error for a trial judge to respond to a request from the jury without the prosecuting attorney, the defendant, and defendant’s counsel being present and having the opportunity to participate in the discussion of the action to be taken on the jury’s request. This right to participate includes the right to place objections on record as well as the right to make full argument as to the reasons the jury’s request should or should not be honored.
Id. at 28.
Ivory has been distinguished, however, by the supreme court in Hitchcock v. State, 413 So.2d 741 (Fla.1982), a first degree murder trial where the jury asked if it was required to recommend a death penalty or life, and the judge wrote back that only guilt or innocence should be decided. The supreme court held that the communication from the jury did not fall within the scope of Rule 3.410, thus there was no error in *1092 responding to it outside the presence of defendant or of counsel. The supreme court appears to have receded from the apparent per se rule of Ivory in Rose v. State, 425 So.2d 521 (Fla.1982), where the court held that any error in the giving of an “Allen” charge to the jury without first notifying counsel and giving counsel an opportunity for discussion was harmless.[1]
Rule 3.410 proscribes the giving of additional instructions or the reading of testimony to the jury without first giving notice to counsel. While we agree that the safer practice would be to convene court and advise counsel and the defendant of the jury’s request before deciding how to respond, we cannot consider the court’s refusal to answer the questions here a violation of the rule, particularly where there is abundant evidence, although disputed, upon which the jury’s verdict could be based and there is no prejudice shown. See also State v. Prieto, 439 So.2d 288 (Fla. 3d DCA 1983) [8 FLW 2387] (Ferguson, J., concurring). Cf Flowers v. State, 348 So.2d 602 (Fla. 4th DCA 1977) [where there was no record of what the judge told the jury in response to their question],
AFFIRMED.
FRANK D. UPCHURCH, Jr., J., concurs.
SHARP, J., dissents with opinion.

. Contrary to the assertion in the dissenting opinion that a communication between the judge and the jury outside of the presence of counsel violates a defendant’s constitutional right to due process, and thus (we presume) automatically requires reversal, the United States Supreme Court has recently held that the "harmless error” rule can be applied in such cases, where appropriate. In Rushen v. Spain, — U.S. —, 104 S.Ct. 453, 78 L.Ed.2d 267 (1983), the court expressly disapproved a ruling by the court of appeals for the Ninth Circuit which had held that an unrecorded ex parte communication between the trial judge and a juror could never be harmless error. We need not decide, in the case before us, whether an unrecorded communication between the court and the jury outside the presence of counsel requires reversal, although it has so been held. See Flowers v. State, 348 So.2d 602 (Fla. 4th DCA 1977). Here, the jury question was in writing as was the answer, and both were made a matter of record, so that what was asked and what was answered are clear.