471 So.2d 1336 (1985)
Stanley MORGAN a/K/a Frank Holidaye, Appellant,
v.
The STATE of Florida, Appellee.
No. 82-2381.
District Court of Appeal of Florida, Third District.
June 25, 1985.
Bennett H. Brummer, Public Defender, and Bruce A. Rosenthal, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Michael J. Neimand, Asst. Atty. Gen., for appellee.
Before NESBITT and DANIEL S. PEARSON, JJ. and DELL, JOHN W., Associate Judge.
NESBITT, Judge.
Morgan appeals the denial of his motion for relief from conviction for first-degree murder made pursuant to Florida Rule of Criminal Procedure 3.850.
In Morgan v. State, 414 So.2d 233 (Fla. 3d DCA 1982), this court reversed a summary denial of Morgan's 3.850 motion and remanded for a hearing. The appellant misconstrues that mandate in arguing that it established Morgan's right to a new trial by law of the case. All that was decided in the previous appeal was that Morgan was entitled to an evidentiary hearing. It was for the trial court to decide, after hearing, whether Morgan had a right to a new trial. That question was decided adversely to appellant. We affirm.
During deliberations in this case, the jury sent out two requests. Counsel for the state and the defendant were consulted before any response was made. The first request, that all the physical evidence be sent to the jury, was made orally and was granted. The second request was a written one indicating the need for "an interpretation of the law as to what constitutes the difference between first degree and second degree murder." The trial judge, with the concurrence of both counsel, responded in writing that "the jury should rely on the instructions already furnished."
*1337 Appellant claims that the trial court erred by responding to the jury's request for evidentiary material and reinstruction outside of his presence. Florida Rule of Criminal Procedure 3.400(d)[1] controls situations in which the jury is provided with items previously introduced into evidence. The rule does not require the presence of either counsel or the defendant. Fla.R. Crim.P. 3.400(d); Turner v. State, 431 So.2d 328 (Fla. 3d DCA), review denied, 438 So.2d 834 (Fla. 1983). Since only previously admitted evidence was provided to the jury, there was clearly no error.
The second question for consideration is whether the defendant's presence is required when the court, with the agreement of both counsel, in effect, denies a request for additional instructions. Florida Rule of Criminal Procedure 3.410[2] addresses the issue and requires, before a response is made to the jury, that both the prosecuting attorney and defense counsel be notified. The literal terms of the rule were complied with in this case. However, in Ivory v. State, 351 So.2d 26 (Fla. 1977), the supreme court appeared to add the additional requirement that the defendant be present when any response is made by the court to the jury. The court also apparently established a per se reversible error rule for violations of the requirements.[3] In cases subsequent to Ivory, however, the supreme court has receded from the per se standard, finding reversible error only when the defendant is prejudiced. In Francis v. State, 413 So.2d 1175 (Fla. 1982), a portion of the voir dire was conducted outside the defendant's presence. While the case involved a violation of Florida Rule of Criminal Procedure 3.180(a)(4), that rule, like Ivory, requires the defendant's presence. It is unquestionably more important that a defendant be present during voir dire than during a conference on the jury's request for additional instructions. A defendant can be of much greater assistance to himself, and his counsel, in selecting a jury than in discussing jury instructions. Yet, in Francis, the supreme court conducted a harmless error inquiry. The court decided it could not assess the extent of prejudice to Francis and, therefore, found the error was not harmless. The fact that a harmless error inquiry was made, however, is instructive.
In Rose v. State, 425 So.2d 521 (Fla. 1982), cert. denied, 461 U.S. 909, 103 S.Ct. 1883, 76 L.Ed.2d 812 (1983), the trial judge decided, sua sponte, to give an additional jury instruction. He gave the instruction without prior notice to the prosecuting attorney and defense counsel.[4] The supreme *1338 court, in an opinion which glaringly fails to mention Ivory, found the error to be harmless. Rose may be explained by the fact that the communication between judge and jury, which is the focus of Ivory, occurred in everyone's presence. Consequently, there was an opportunity for objection at the time of the instruction, if not before. Still, reading Francis and Rose together, we conclude that violations of rule 3.410 are subject to the harmless error rule.[5] Other district court opinions have recognized the supreme court's retreat from the per se rule in Ivory. Williams v. State, 468 So.2d 335 (Fla. 1st DCA 1985); Curtis v. State, 455 So.2d 1090 (Fla. 5th DCA 1984); Villavicencio v. State, 449 So.2d 966 (Fla. 5th DCA), review denied, 456 So.2d 1182 (Fla. 1984); State v. Prieto, 439 So.2d 288, 290 (Fla. 3d DCA 1983) (Judge Ferguson concurring), review denied, 450 So.2d 488 (Fla. 1984).
In this case, the trial court, with the agreement of both counsel, denied the jury's request for additional instructions by telling them to rely on the written instructions already provided. If this response outside the defendant's presence was error at all, it was harmless.[6]
Finding no prejudice, we affirm.
DELL, JOHN W., Associate Judge, concurs.
DANIEL S. PEARSON, Judge, concurring.
I believe that the holding in this case can and should be that where the trial court affords counsel for the defendant and the prosecutor an opportunity to be heard before denying a deliberating jury's request for additional instructions, the defendant's presence at the discussion of the action to be taken on the jury's request may be waived, as it was here, by his attorney. While, unlike the majority, I believe that Ivory remains afloat despite persistent rumors of its scuttling, I do not think anything said in Ivory precludes the holding I suggest.

I.
As we know, during deliberations in this case, the jury requested, inter alia, "an interpretation of the law as to what constitutes the difference between first-degree and second-degree murder." Before responding to this request, the trial court consulted with the prosecutor and defense counsel and, with the concurrence of both, responded by sending a note to the jury room which stated that "the jury should rely on the instructions already furnished."[1] The defendant did not attend the proceedings when the jury request was conveyed, when the trial court and counsel conferred, or when the trial court responded to the jury. Defense counsel expressly waived the appearance of the defendant at these times.
One of the defendant's claims on appeal is that the trial court erred by considering and denying the jury's request for reinstruction outside of the defendant's presence. Although the majority rejects this claim, it does so by reasoning that the defendant's presence is required only when the jury is actually recalled for additional instructions and not when a request is denied, but even if, arguendo, the defendant's absence was error, that error may be deemed harmless in light of the fact that the Florida Supreme Court has receded *1339 from, if not overruled, the per se reversible rule of Ivory.

II.
By its express terms, Ivory involved a violation of Florida Rule of Criminal Procedure 3.410. That procedural rule provides that if the jurors, while deliberating, "request additional instructions or to have any testimony read to them," notice must first be given "to the prosecuting attorney and to counsel for the defendant." The deliberating jurors in Ivory, through notes to the trial judge, requested, among other things, "the brief definitions of third-degree murder and the various types of manslaughter." Id. at 27. Without notifying the defendant or his counsel, or the prosecuting attorney, the court determined not to give the requested additional instructions.
Before Ivory, one might have reasonably questioned what Rule 3.410 had to do with a refusal to reinstruct. Although the rule provides that an additional instruction shall be given only after notice, it says nothing of giving notice to the prosecutor and defense counsel where the trial court determines not to reinstruct. Indeed, the comment to the rule points even more forcefully to the conclusion that notice to the prosecutor and defense counsel is not required where the trial court decides not to accede to the jury's request:
"If an additional requested instruction is given .. . notice must be supplied to counsel for both the prosecution and the defense as emphasized in Smith v. State, 1957, 95 So.2d 525."
(emphasis supplied).
Yet despite the plain language of the rule and the comment, the court in Ivory quite clearly declared that "it is prejudicial error for a judge to respond to a request from the jury without the prosecuting attorney, the defendant, and the defendant's counsel being present and having the opportunity to participate in the discussion of the action to be taken on the jury's request," and "[t]his right to participate includes the right to place objections on the record as well as the right to make full argument as to the reasons the jury's request should or should not be honored." Id. at 28 (emphasis supplied). Therefore, I think it inescapable, despite district court opinions to the contrary, see, e.g., Curtis v. State, 455 So.2d 1090 (Fla. 5th DCA 1984); Smith v. State, 453 So.2d 505 (Fla. 4th DCA 1984); State v. Prieto, 439 So.2d 288, 290 (Fla. 3d DCA 1983) (Ferguson, J., concurring), rev. denied, 450 So.2d 488 (Fla. 1984), that Ivory expressly holds that the notice requirement of Rule 3.410 is activated when the request for additional instructions is made, whether the request is granted or denied.

III.
Next, I cannot agree with the district court decisions, some of which are relied upon by the majority, see, e.g., Curtis v. State, 455 So.2d 1090; Villavicencio v. State, 449 So.2d 966 (Fla. 5th DCA), rev. denied, 456 So.2d 1182 (Fla. 1984); State v. Prieto, 439 So.2d 288, 290 (Ferguson, J., concurring); see also Meek v. State (Fla. 4th DCA 1985) (Case Nos. 83-1131 and 83-1165, opinion filed January 4, 1985) (Hitchcock and Rose "support" conclusion that Ivory does not mandate reversal, where defendant "acquiesced without objection" to challenged communication outside of his presence and alleged Rule 3.410 violation was neither objected to nor raised in motion for mistrial by defense counsel), which suggest that the prophylactic purity of Ivory's per se reversal rule has been contaminated by either Hitchcock v. State, 413 So.2d 741 (Fla.), cert. denied, 459 U.S. 960, 103 S.Ct. 274, 74 L.Ed.2d 213 (1982), or Rose v. State, 425 So.2d 521 (Fla.), cert. denied, 461 U.S. 909, 103 S.Ct. 1883, 76 L.Ed.2d 812 (1983), the only cases, post-Ivory, in which the Florida Supreme Court has revisited the question of judge and jury contact during deliberations in the absence of the defendant.

A.
In Hitchcock, during the guilt phase of the first-degree murder trial, the jury sent a note to the judge which asked, "[i]s it required for us to recommend death penalty or life at this time?" Id. at 744. The judge wrote back, "[y]ou should not consider *1340 any penalty at this time  only guilt or innocence." Id. The record was silent as to whether the parties were present during this exchange.
Citing Ivory for the proposition that "[a]s a general rule, it is error for a judge to respond to a jury's question without the parties being present and having the opportunity to disclose the request," the Hitchcock court concluded that the "communication [did] not fall within Florida Rule of Criminal Procedure 3.410," and was not per se reversible error. Id.
Curiously, Hitchcock does not make clear either that Ivory applied but the error was harmless, or Ivory did not apply because no Rule 3.410 violation was involved. While some courts have surmised that the former is the meaning of Hitchcock, see, e.g., Villavicencio v. State, 449 So.2d 966, I must cast my lot with those who take the view that the Supreme Court would not be so cavalier as to silently overrule such a recent and obvious precedent. I therefore read Hitchcock as merely limiting Ivory's per se reversal rule to cases in which, as in Ivory, Rule 3.410 has been violated. See Curtis v. State, 455 So.2d 1090, 1092 (Fla. 5th DCA 1984) (Sharp, J., dissenting).

B.
In Rose, the trial court, without notifying the defendant, his counsel, or the prosecuting attorney, of its intentions and without entertaining argument of the parties, sua sponte read the jury an Allen charge[2] after the jury had been deliberating for seven hours. Immediately after the charge was read, defense counsel objected. One hour later, the jury returned a verdict of guilty.
On appeal, the defendant contended that the giving of the instruction without notice to counsel violated both Rules 3.390(d)[3] and 3.410 of the Florida Rules of Criminal Procedure.
Although a persuasive argument can be made that the jury instruction in Rose constituted a violation of Rule 3.410, the court in Rose did not so state. It instead acknowledged that the defendant's counsel "should have been notified prior to the giving of this instruction," but held that this "procedural error" was harmless. Id. at 524. Whether the court's acknowledgment that counsel should have been forewarned of the trial court's intention to give the Allen charge meant that defendant was given no preinstruction opportunity to object, in possible violation of Rule 3.390(d), no notice in violation of Rule 3.410, or, even more likely, no notice in violation of Rule 3.420,[4] is not made clear. What is clear, however, is that absent from the Rose opinion is any mention of Ivory. While again some courts have concluded that Rose has abrogated the per se reversal rule of Ivory, see, e.g., Curtis v. State, 455 So.2d 1090, I am compelled to read Rose as limiting the application of Ivory to the clearest cut violation of Rule 3.410, rather than overruling an unmentioned, but conspicuous, prior precedent.

IV.
Why, then, do I find no violation of Ivory in the present case in the face of Ivory's declaration that "it is prejudicial error for a judge to respond to a request from the jury without the prosecuting attorney, the defendant, and the defendant's counsel being *1341 present and having the opportunity to participate in the discussion of the action to be taken on the jury's request"? Id. at 28. Simply because the "presence of the defendant" language in Ivory was not, in my view, intended to convert a discussion on jury charges into a critical stage of the proceedings, that is, one at which the defendant must be present in the absence of a specific, knowing and voluntary waiver by the defendant himself. Instead, I read the "presence of the defendant" language as an acknowledgment that the defendant is to be present at all proceedings, critical or not, unless, where permitted, his presence is waived either by counsel or himself.
I think it evident that a conference on charges to be given the jury is not a stage of the trial proceedings that cries out for the defendant's presence. Unlike, for example, the stage of selecting the jury where "fundamental fairness might be thwarted by [the defendant's] absence," Francis v. State, 413 So.2d 1175, 1177 (Fla. 1982), the conference on jury charges is devoted to matters of law conducted outside of the jury's presence, upon which the lay defendant's participation would have little impact. See Herzog v. State, 439 So.2d 1372, 1375 (Fla. 1983) (fundamental fairness not thwarted by defendant's absence from hearing concerning admissibility of certain photographs; such a hearing not "crucial stage of the trial as defined by Rule 3.180 or constitutional principles."); Hall v. State, 420 So.2d 872, 873 (Fla. 1982) (fundamental fairness not thwarted by defendant's absence from "roll call of prospective jurors or at the general qualification of prospective jurors."). Notably, Florida Rule of Criminal Procedure 3.180, which enumerates nine stages of a trial during which the defendant's presence is required,[5] does not include the charge conference as one such stage. Indeed, a charge conference has been held to be "a conference or argument upon a question of law" at which the defendant's presence is specifically excused by Federal Rule of Criminal Procedure 43, the analogue of our Rule 3.180. See United States v. Graves, 669 F.2d 964, 972 (5th Cir.1982). See also Randall v. State, 346 So.2d 1233 (Fla. 3d DCA 1977) (defendant's absence during charge conference is not fundamental error).
I conclude, therefore, that the Florida Supreme Court has not scrubbed Ivory, but that Ivory does not require that a defendant personally waive his right to attend a charge conference or, as here, a conference concerning the response to be given to the jury's request for additional charges. Nevertheless, because the defendant is entitled to be present at such proceedings, such proceedings may not be conducted without him unless his presence has been waived by him or his counsel. The defendant's presence at the conference on additional instructions having been waived, I agree that the judgment should be affirmed.
NOTES
[1] Rule 3.400. Materials to the Jury Room

The court may permit the jury, upon retiring for deliberation, to take to the jury room:
... .
(d) all things received in evidence other than depositions. If the thing received in evidence is a public record or a private document which, in the opinion of the court, ought not to be taken from the person having it in custody, a copy shall be taken or sent instead of the original.
[2] 3.410 Jury Request to Review Evidence or for Additional Instructions
After the jurors have retired to consider their verdict, if they request additional instructions or to have any testimony read to them they shall be conducted into the courtroom by the officer who has them in charge and the court may give them such additional instructions or may order such testimony read to them. Such instructions shall be given and such testimony read only after notice to the prosecuting attorney and to counsel for the defendant.
[3] The supreme court relied heavily on the fourth district case of Slinsky v. State, 232 So.2d 451 (Fla. 4th DCA 1970). In that case, the fourth district, by defining message communications between the court and jury as "proceedings before the court when the jury is present," triggered the application of Florida Rule of Criminal Procedure 3.180(a)(5) which requires the defendant's presence at all such proceedings. While the supreme court did not cite rule 3.180, its reliance on Slinsky may explain the requirement that the defendant be present when any response is made to the jury. However, reading rules 3.410, 3.420 and 3.180(a)(5) together arguably leads to the conclusion that the defendant's presence is required only when the jury is actually recalled for additional instructions or the reading of testimony and not when a request is denied, as here.
[4] While the opinion in Rose does not so state, such an action violates Florida Rule of Criminal Procedure 3.420. That rule allows a court, on its own, to give additional and corrective instructions, but, like rule 3.410, "only after notice to the prosecuting attorney and to counsel for the defendant."
[5] We find that Hitchcock v. State, 413 So.2d 741 (Fla.), cert. denied, 459 U.S. 960, 103 S.Ct. 274, 74 L.Ed.2d 213 (1982) is adequately distinguished in both Judge Pearson's concurrence here and in Judge Sharp's dissent in Curtis v. State, 455 So.2d 1090, 1092 (Fla. 5th DCA 1984).
[6] Because we find the question presented to be one of great public importance, we certify it to the Supreme Court of Florida, in accordance with article V, section 4 of the Florida Constitution, as follows:

Is a violation of Florida Rule of Criminal Procedure 3.410, by responding to a jury's request without the defendant being present, subject to the harmless error rule?
[1] Thus, this case does not involve a violation of Florida Rule of Criminal Procedure 3.180(a)(5), which requires the presence of the defendant "[a]t all proceedings, before the court when the jury is present." See, e.g., Brito v. State, 454 So.2d 66 (Fla. 3d DCA 1984).
[2] The charge gets its name from Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896). A modified form of the charge is found in Florida Standard Jury Instructions (Criminal) 3.06.
[3] This rule provides that:

"No party may assign as error grounds of appeal the giving or failure to give an instruction unless he objects thereto before the jury retires to consider its verdict... . Opportunity shall be given to make the objection out of the presence of the jury."
[4] Rule 3.420 covers the giving of additional instructions to a deliberating jury and, like Rule 3.410, requires notice to counsel. It does not, however, speak of a jury's request and would thus appear to be the rule applicable to a sua sponte instruction as in Rose. This distinction between an instruction upon request of the jury and one given on the court's own motion has been suggested as meaning that Rose did not involve a Rule 3.410 violation and is thus distinguishable from Ivory. See Curtis v. State, 455 So.2d 1090, 1092 (Sharp, J., dissenting).
[5] Florida Rule of Criminal Procedure 3.180(a) provides:

"(a) Presence of Defendant. In all prosecutions for crime the defendant shall be present:
"(1) At first appearance;
"(2) When a plea is made, unless a written plea of not guilty shall be made in writing under the provisions of Rule 3.170(a);
"(3) At any pre-trial conference; unless waived by Defendant in writing;
"(4) At the beginning of the trial during the examination, challenging, impanelling, and swearing of the jury;
"(5) At all proceedings before the court when the jury is present;
"(6) When evidence is addressed to the court out of the presence of the jury for the purpose of laying the foundation for the introduction of evidence before the jury;
"(7) At any view by the jury;
"(8) At the rendition of the verdict;
"(9) At the pronouncement of judgment and the imposition of sentence."