484 So.2d 1319 (1986)
Jimmy Arnold HOWARD, Appellant,
v.
The STATE of Florida, Appellee.
No. 83-2337.
District Court of Appeal of Florida, Third District.
March 11, 1986.
*1320 Bennett H. Brummer, Public Defender, and Beth C. Weitzner, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Jack B. Ludin, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and NESBITT and JORGENSON, JJ.
JORGENSON, Judge.
By this appeal, Howard presents two issues. He first asserts that the trial court erred in denying his motion to suppress a confession because his arrest was unlawful. Contrary to his assertion, we conclude that Howard's arrest was proper. State v. Ecker, 311 So.2d 104, 109 (Fla.), cert. denied, 423 U.S. 1019, 96 S.Ct. 455, 46 L.Ed.2d 391 (1975); D.A. v. State, 471 So.2d 147, 153-54 (Fla. 3d DCA 1985); Cross v. State, 432 So.2d 780 (Fla. 3d DCA 1983); McKee v. State, 430 So.2d 983 (Fla. 3d DCA), rev. denied, 437 So.2d 677 (Fla. 1983); Law v. State, 204 So.2d 741 (Fla. 2d DCA 1967).
As his second issue, Howard argues that the trial court erred when it denied defense counsel's request that Howard be present at the charge conference at which Howard's right to instructions on lesser included offenses was relinquished. We disagree. There is no requirement that a defendant be present at the charge conference. Randall v. State, 346 So.2d 1233 (Fla. 3d DCA 1977). Florida Rule of Criminal Procedure 3.180(a) enumerates the stages of the prosecution at which the defendant is required to be present.[1] A charge conference is not one of them. As my brother Pearson stated:
I think it evident that a conference on charges to be given the jury is not a stage of the trial proceedings that cries out for the defendant's presence. Unlike, for example, the stage of selecting the jury where "fundamental fairness might be thwarted by [the defendant's] absence," Francis v. State, 413 So.2d 1175, 1177 (Fla. 1982), the conference on jury charges is devoted to matters of law conducted outside of the jury's presence, *1321 upon which the lay defendant's participation would have little impact. See Herzog v. State, 439 So.2d 1372, 1375 (Fla. 1983) (fundamental fairness not thwarted by defendant's absence from hearing concerning admissibility of certain photographs; such a hearing not "crucial stage of the trial as defined by Rule 3.180 or constitutional principles."); Hall v. State, 420 So.2d 872, 873 (Fla. 1982) (fundamental fairness not thwarted by defendant's absence from "roll call of prospective jurors or at the general qualification of prospective jurors.").
Morgan v. State, 471 So.2d 1336, 1341 (Fla. 3d DCA 1985) (Pearson, Daniel S., J., concurring).
As a general rule, a request for the defendant's presence at any stage of the trial should be honored. See Henzel v. State, 212 So.2d 92 (Fla. 3d DCA), cert. denied, 218 So.2d 165 (Fla. 1968), cert. denied, 393 U.S. 1085, 89 S.Ct. 870, 21 L.Ed.2d 778 (1969). Where, as here, however, it is untimely and is made at a noncritical stage of trial, the trial court does not err in denying the request. By allowing the charge conference to proceed without raising the issue of his client's presence until the last moment, Howard's counsel effectively waived any objection that could have been made concerning Howard's absence. See Maugeri v. State, 460 So.2d 975, 980 n. 9 (Fla. 3d DCA 1984), cause dismissed, 469 So.2d 749 (Fla. 1985); Morgan, 471 So.2d at 1341 (concurring opinion).
Howard argues that fundamental fairness requires that, if, at any point during the charge conference, defense counsel requests the defendant's presence, the defendant must be included. Howard's reasoning is as follows. The supreme court has ruled that fundamental fairness requires lesser offense instructions be given upon the defendant's request. State v. Bruns, 429 So.2d 307, 310 (Fla. 1983). In Harris v. State, 438 So.2d 787, 797 (Fla. 1983), a capital case, the supreme court went further and held that the right to lesser offense instructions cannot be waived unless the defendant does so personally. Therefore, Howard argues, both fundamental fairness and the personal nature of the decision to waive lesser offense instructions requires the presence of the defendant at the very proceeding where the right is waived. This whole argument must fall, however, because the supreme court has recently stated that Harris is not to be extended beyond its capital setting. Jones v. State, 484 So.2d 577 (Fla. 1986), approving 459 So.2d 475 (Fla. 5th DCA 1984). Accord Mosley v. State, 482 So.2d 530 (Fla. 1st DCA 1986); Redden v. State, 479 So.2d 236 (Fla. 4th DCA 1985). In Jones, the court held that in noncapital cases a personal waiver is not required in order to guarantee fundamental fairness. The supreme court saw no reason for deviating from the general rule that a client is bound by the acts of his attorney if done within the scope of the attorney's authority. Therefore, in noncapital cases, though a defendant has a right to instructions on lesser offenses, that right can be waived by his attorney. Because the waiver can be made by defense counsel, the defendant's presence at the charge conference is not essential. Thus, Howard's absence from the charge conference did not deprive him of a fundamentally fair trial. In Jones, the court noted that the waiving of the instructions of lesser included offenses was an "all or nothing" trial strategy. The same strategy was attempted here. Howard gambled, and he lost.
Affirmed.
NESBITT, J., concurs.
SCHWARTZ, Chief Judge (dissenting).
Fairly read, the reconstructed record demonstrates that the trial judge denied counsel's specific request for the defendant to be present when his right to instructions on lesser included offenses was waived. I think that this was reversible error.
Although it has now been established by Jones v. State, 484 So.2d 577 (Fla. 1986) that it is not necessary in a noncapital case for the defendant himself to make an explicit and knowing waiver of "lessers," it seems to me *1322 that the very considerations  that is, the significance and fundamental nature of that decision to the outcome of the trial  which were emphasized in Harris v. State, 438 So.2d 787 (Fla. 1983) in support of the determination that a personal waiver is required when the death penalty is involved, establish that such a waiver, even by counsel, is a "critical stage" of the trial so as to invoke the less demanding requirement of the defendant's presence, at least upon request.[1] See also Curtis v. State, 480 So.2d 1277 (Fla. 1985); Francis v. State, 413 So.2d 1175 (Fla. 1982); Capers v. State, 479 So.2d 187 (Fla. 3d DCA 1985). Surely Jones, in which the defendant was present at the point in question, is no authority for the majority's contrary conclusion. Moreover, because it is the nature of the issue, not the time of its occurrence, which is determinative, it does not matter that the waiver in this case took place during a charge conference which, since it ordinarily concerns only arcane legal matters, does not usually require the attendance of the defendant. See Morgan v. State, 471 So.2d 1336 (Fla. 3d DCA 1985).
Our constitutions, indeed the very nature of our system, do not permit events during a criminal trial which decisively affect the defendant's liberty interests to take place behind his back. Because I believe that the waiver of lessers was just such a matter, I would reverse for a new trial.
NOTES
[1] Presence of Defendant. In all prosecutions for crime the defendant shall be present:

(1) At first appearance;
(2) When a plea is made, unless a written plea of not guilty shall be made in writing under the provisions of Rule 3.170(a);
(3) At any pre-trial conference; unless waived by Defendant in writing;
(4) At the beginning of the trial during the examination, challenging, impanelling, and swearing of the jury;
(5) At all proceedings before the court when the jury is present;
(6) When evidence is addressed to the court out of the presence of the jury for the purpose of laying the foundation for the introduction of evidence before the jury;
(7) At any view by the jury;
(8) At the rendition of the verdict;
(9) At the pronouncement of judgment and the imposition of sentence.
[1] This case does not involve the issue of whether the defendant's presence is affirmatively required in the absence of a request.