492 So.2d 1072 (1986)
Stanley MORGAN, Petitioner,
v.
STATE of Florida, Respondent.
No. 67,390.
Supreme Court of Florida.
August 21, 1986.
Rehearing Denied November 14, 1986.
*1073 Bennett H. Brummer, Public Defender and Bruce A. Rosenthal, Asst. Public Defender, Eleventh Judicial Circuit, Miami, for petitioner.
Jim Smith, Atty. Gen. and Michael J. Neimand, Asst. Atty. Gen., Miami, for respondent.
PER CURIAM.
We have for review a decision from the Third District Court of Appeal, Morgan v. State, 471 So.2d 1336 (Fla. 3d DCA 1985), affirming the lower court's denial of defendant's request for a new trial. The request for a new trial was premised upon the fact that the defendant was not present when the judge responded to the jury's request for additional instructions. In denying the request for a new trial, the district court certified the following question as one of great public importance:
Is a violation of Florida Rule of Criminal Procedure 3.410, by responding to a jury's request without the defendant being present, subject to the harmless error rule.
Id. at 1338 n. 6. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
In Meek v. State, 487 So.2d 1058 (Fla. 1986), we recently held that neither Ivory v. State, 351 So.2d 26 (Fla. 1977), nor rule 3.410 requires the defendant's presence when the judge responds to a jury's request for additional instructions. Rather, rule 3.410 only requires the judge to notify the prosecutor and defense counsel that the jury has requested additional instructions. Meek; Williams v. State, 488 So.2d 62 (Fla. 1986). Thus, we need not answer the question presented because rule 3.410 does not require a defendant to be present when the judge responds to the jury's request for additional instructions.
*1074 Defendant was convicted for first-degree murder. During deliberations the jury made the following request in writing:
[We need] an interpretation of the law as to what constitutes the difference between first-degree and second-degree murder.
471 So.2d at 1336. The trial judge, in accordance with rule 3.410, notified both the prosecutor and defense counsel of the jury's request. Both attorneys concurred in the judge's decision to write the jury a note explaining "the jury should rely on the instructions already furnished." Id.
That portion of rule 3.410 which requires the trial judge to notify the prosecuting attorney and defense counsel before responding to a request for additional instructions had not been violated. However, the trial court failed to follow that portion of rule 3.410 which requires the jury to be conducted into the courtroom after they request additional instructions. Thus, the trial judge's decision to answer the jury's request for additional instructions by way of note as opposed to answering the jury in open court constitutes error. See Curtis v. State, 480 So.2d 1277, 1278 n. 2 (Fla. 1985). However, such error is harmless in light of the fact that the court denied the jury's request to furnish additional instructions and defense counsel acquiesced to the judge's decision not to parade the jury back into the courtroom merely to hand them a note. See Leonard v. State, 423 So.2d 594 (Fla. 3d DCA 1982).
Florida Rule of Criminal Procedure 3.180(a)(5) is not pertinent to this case because it only requires the presence of the defendant "[a]t all proceedings before the court when the jury is present," and the jury was never called back into the courtroom after requesting additional instructions.
Accordingly, the district court's decision to deny Morgan a new trial is approved.
It is so ordered.
McDONALD, C.J., and BOYD, OVERTON, EHRLICH and SHAW, JJ., concur.
ADKINS, J., dissents with an opinion, in which BARKETT, J., concurs.
ADKINS, Justice, dissenting.
I dissent. We should not term the trial court's errant procedure as merely harmless. As admitted by the majority, the trial court violated the express provisions of rule 3.410 by failing to conduct the jury into the courtroom following its request for additional instructions. Had the court done so, rule 3.180(a)(5) would have taken effect and the defendant's presence in the courtroom would have been required.
Unlike the defendant in Meek v. State, 487 So.2d 1058 (Fla. 1986), who ratified his absence from the proceedings, Morgan was in a holding cell when his attorney purported to waive his presence and acquiese in not requiring the jury to be returned to the courtroom. Thus, Morgan never had an opportunity to participate in the discussion of the action to be taken on the jury's request. Denial of this opportunity was a determinative factor in our decision to reverse convictions in both Curtis v. State, 480 So.2d 1277 (Fla. 1985), and Ivory v. State, 351 So.2d 26 (Fla. 1977). Likewise, the fact that Morgan was unaware of the jury's request for additional instructions should warrant reversal in this case.
BARKETT, J., concurs.