SCHWARTZ, Chief Judge.
Despite the fact that his counsel had unsuccessfully requested that the bill of particulars be transmitted to the jury when it first retired, the defendant now claims the right to a new trial because the lower court in fact submitted the particulars to the jury at its request after its deliberations had begun. Citing the now-familiar authority of Ivory v. State, 351 So.2d 26 (Fla.1977), see Curtis v. State, 480 So.2d 1277 (Fla.1985), Dixon bases his contention on the fact that neither he nor, more important, his counsel was notified of this action before it occurred. Because of this, he claims that reversible, fundamental error took place. We disagree. The Ivory line of per se error cases involves violations of Fla.R.Crim.P. 3.410 which arise when the jurors “request additional instructions or to have any testimony read to them.” [e.s.] In our view, this rule does not apply here. The record shows the trial court read the bill of particulars to the jury during its instructions and submitted the charges in writing to it — except the particulars — when it began its deliberations. In these circumstances, later submitting the bill to the jury without notifying counsel was clearly authorized by Fla.R.Crim.P. 3.400,[1] either (we do not decide which) because the particulars are a portion of “the charges against the defendant,” 3.400(a), or were included within the “instructions given” under 3.400(c). The Ivory rule does not control actions properly taken under Rule 3.400. Morgan v. State, 471 So.2d 1336, 1337 (Fla.3d DCA 1985), opinion approved on other grounds, 492 So.2d 1072 (Fla.1986); Turner v. State, 431 So.2d 328 (Fla.3d DCA 1983), review denied, 438 So.2d 834 (Fla.1983); see Bradley v. State, 497 So.2d 281 (Fla. 5th DCA 1986), review granted (Fla. Case no. 69,657).[2]
*57 The only other point presented concerns the defendant’s conviction of unarmed robbery as charged in count II. This alleged crime occurred when Dixon, then a uniformed police officer operating a marked vehicle, pulled over a bolita operator and, in essence, threatened him with exposure of his illegal activities. In response to that implied threat, the victim parted with $3,000 in cash. On the basis of two supreme court decisions which squarely so hold, we agree that an express or implied threat of arrest or other police action does not qualify as the force or fear required to establish a robbery. Simmons v. State, 41 Fla. 316, 25 So. 881 (1899); Montsdoca v. State, 84 Fla. 82, 93 So. 157 (1922).
The state contends that the proof made out what it characterizes as the lesser included offense of extortion, § 836.05, Fla.Stat. (1985), and that we should therefore order judgment of guilt entered as to that offense under Fla.R.Crim.P. 3.620. See Davis v. State, 277 So.2d 300 (Fla.2d DCA 1973), cert. denied, 283 So.2d 564 (Fla. 1973) (extortion lesser offense of armed robbery). It is a moot point whether, since they are both second degree felonies, extortion may be deemed a lesser offense of “simple” robbery. See Ray v. State, 403 So.2d 956 (Fla.1981); but cf. S.L.S. v. State, 404 So.2d 1105 (Fla. 1st DCA 1981), review denied, 415 So.2d 1361 (Fla.1982). This is because the state did not request an instruction below on extortion and has thus waived its present appellate claim. Bean v. State, 469 So.2d 768, 771 (Fla. 5th DCA 1985). Since it does not claim in this court the right to a conviction of the lesser offense of grand or petit theft, which were the subject of instructions, we are required to order the outright vacation of the judgment and sentence as to count II. The judgment below is otherwise affirmed.
Affirmed in part, reversed in part.

. Rule 3.400. Materials to the Jury Room
The court may permit the jury, upon retiring for deliberation, to take to the jury room:
(a) a copy of the charges against the defendant;
(b) forms of verdict approved by the court, after being first submitted to counsel;
(c) any instructions given; but if any instruction is taken all the instructions shall be taken;
(d) all things received in evidence other than depositions. If the thing received in evidence is a public record or a private document which, in the opinion of the court, ought not to be taken from the person having it in custody, a copy shall be taken or sent instead of the original.

. We need not consider whether, even if Rule 3.410 applied, the failure to notify counsel (as opposed to the defendant) can be deemed harmless or to have been waived by counsel’s specific request that the particulars be given to the jury, see Morgan v. State, 492 So.2d 1072 (Fla.1986), or his failure to object to the procedure until days after the trial although he had become *57 aware of it before the verdict was rendered. See Meek v. State, 487 So.2d 1058 (Fla.1986).