# Third District Court of Appeal

## State of Florida

Opinion filed January 25, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1892
Lower Tribunal No. 13-319-A-K
_____

**Michael Clayton Woodruff,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Monroe County, Mark H. Jones, Judge.

Brownstone, P.A., and Robert L. Sirianni, Jr. (Winter Park), for appellant.

Pamela Jo Bondi, Attorney General, and Joanne Diez, Assistant Attorney General, for appellee.

Before LAGOA, SALTER and EMAS, JJ.

EMAS, J.

Michael Woodruff appeals from a conviction and sentence for one count of lewd or lascivious molestation of a victim under twelve years of age, in violation of section 800.04(5), Florida Statutes (2009).[1]  Woodruff raises four issues on appeal: 1) The trial court erred in excluding evidence that the victim was the product of a sexual battery; 2) The trial court erred in excluding evidence that the victim had previously fabricated that she was pregnant; 3) The trial court erred in denying Woodruff's motion for a new trial predicated upon a post-trial interview of a juror; and 4) Trial counsel rendered ineffective assistance of counsel.

We find no merit in the first three issues raised by Woodruff, each of which is reviewed under an abuse of discretion standard.  Stephens v. State, 787 So. 2d 747 (Fla. 2001) (holding that a trial court's denial of a motion for new trial is reviewed under an abuse of discretion standard); Alston v. State, 723 So. 2d 148, 156 (Fla. 1998) (holding that a trial court's ruling on the admissibility of evidence will not be disturbed absent an abuse of discretion); State v. Prieto, 439 So. 2d 288 (Fla. 3d

_____

[1] Woodruff was born in 1977, and was over the age of eighteen when the crimes were alleged to have been committed (between June and August of 2009).  He was charged by information with one count of sexual battery upon a victim under twelve years of age, and three counts of lewd or lascivious molestation upon a victim under twelve years of age.  The jury found Woodruff not guilty of the sexual battery charge and two of the three counts of lewd or lascivious molestation.  On the one count for which Woodruff was found guilty (Count Four, a life felony as provided by section 800.04(5)(b), Florida Statutes (2009)), the trial court sentenced Woodruff to twenty-five years in prison followed by probation (with mandatory electronic monitoring) for the rest of his natural life.  See § 775.082(3)(a)4.a.(II), Fla. Stat. (2009).

DCA 1983) (applying abuse of discretion standard in reviewing trial court's ruling on a motion for new trial).

As to the evidentiary issues, the trial court did not abuse its discretion in excluding the evidence Woodruff sought to introduce at trial. Any purported probative value was substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury. See § 90.403, Fla. Stat. (2015); McLean v. State, 934 So. 2d 1248 (Fla. 2006).[2]

As to the motion for new trial, Woodruff asserts that one of the jurors, during a post-trial interview, indicated that he did not believe the State had proven the charge of lewd or lascivious molestation for which Woodruff was found guilty. The juror said he came to this realization during the reading of the jury's verdict in open court. The juror acknowledged, however, that he and the other jurors had reached a unanimous verdict of "guilty" during the jury's deliberations. The juror further

---

[2] Woodruff asserted that the victim had falsely claimed she had become pregnant, only to recant that claim a short time later. The proffered evidence indicated that, in September 2013, the victim's school classmates started a rumor that the victim was pregnant, and that the victim went along with this rumor in an effort to garner attention. One or two months later, the victim acknowledged that the rumor was false. The allegation of a fabricated pregnancy did not in any way involve Woodruff; at no time had the victim alleged that Woodruff was the person who had caused her to become pregnant. The pregnancy rumor involved a third person, was completely unrelated to the events underlying this prosecution, and occurred in Pennsylvania more than four years after the date of the offenses charged in this case. These circumstances distinguish the instant case from Carlisle v. State, 137 So. 3d 479 (Fla. 4th DCA 2014), upon which Woodruff principally relies.

acknowledged that, after the verdict was read in open court, he was polled by the trial court and agreed that the verdict of guilty was his verdict. See Fla. R. Crim. P. 3.440[3] and 3.450.[4]

The trial court properly denied the motion for new trial. Woodruff does not assert that the jury's deliberations were improperly influenced by external sources or that jurors decided the verdict by lot[5] or otherwise expressly agreed to disregard

---

[3] Rule 3.440 provides:

> When the jurors have agreed upon a verdict they shall be conducted into the courtroom by the officer having them in charge. The court shall ask the foreperson if an agreement has been reached on a verdict. If the foreperson answers in the affirmative, the judge shall call on the foreperson to deliver the verdict in writing to the clerk. The court may then examine the verdict and correct it as to matters of form with the unanimous consent of the jurors. The clerk shall then read the verdict to the jurors and, unless disagreement is expressed by one or more of them or the jury is polled, the verdict shall be entered of record, and the jurors discharged from the cause. No verdict may be rendered unless all of the trial jurors concur in it.

[4] Rule 3.450 provides:

> On the motion of either the state or the defendant or on its own motion, the court shall cause the jurors to be asked severally if the verdict rendered is their verdict. If a juror dissents, the court must direct that the jury be sent back for further consideration. If there is no dissent the verdict shall be entered of record and the jurors discharged. However, no motion to poll the jury shall be entertained after the jury is discharged or the verdict is recorded.

[5] See Fla. R. Crim. P. 3.600(a)(1)(providing that the trial court shall grant a new trial if it is established that "[t]he jurors decided the verdict by lot.")

their obligations and oaths. As the Florida Supreme Court held in Marks v. State Road Dep't, 69 So. 2d 771, 774-75 (Fla. 1954):

> [A]ffidavits of jurors may be received for the purpose of avoiding a verdict, to show any matter occurring during the trial or in the jury room, which does not essentially inhere in the verdict itself, as that a juror was improperly approached by a party, his agent, or attorney; that witnesses or others conversed as to the facts or merits of the cause, out of court and in the presence of jurors; that the verdict was determined by aggregation and average or by lot, or game of chance or other artifice or improper manner; but that such affidavit to avoid the verdict may not be received to show any matter which does essentially inhere in the verdict itself, as that the juror did not assent to the verdict; that he misunderstood the instructions of the Court; the statements of the witnesses or the pleadings in the case; that he was unduly influenced by the statements or otherwise of his fellow-jurors, or mistaken in his calculations or judgment, or other matter resting alone in the juror's breast.

A review of the record in the instant case plainly establishes that this claim involves matters that essentially inhere in the verdict itself, and cannot serve as a basis for attacking its validity. Devoney v. State, 717 So. 2d 501 (Fla. 1998); Mitchell v. State, 527 So. 2d 179 (Fla. 1998). See also § 90.607(2)(b), Fla. Stat. (2015) (providing that "[u]pon inquiry into the validity of a verdict or indictment, a juror is not competent to testify as to any matter which essentially inheres in the verdict or indictment").

Finally, we decline to address the merits of Woodruff's claim of ineffective assistance of counsel, without prejudice to Woodruff seeking such relief by appropriate postconviction motion. As a general rule, and subject only to the rare

exception,[6] such a claim may not be raised for the first time on direct appeal. <u>Bruno v. State</u>, 807 So. 2d 55, 63 (Fla. 2001).

Affirmed.

---

[6] A claim of ineffective assistance of counsel may be raised on direct appeal only where the ineffectiveness is apparent on the face of the record. <u>Gore v. State</u>, 784 So. 2d 418 (Fla. 2001); <u>Rivera v. State</u>, 193 So. 3d 1033 (Fla. 3d DCA 2016). This exception does not apply here.